## HELD AT HARTFORD, FOR THE COUNTIES OF HARTFORD, WINDHAM, MIDDLESEX, LITCHFIELD AND TOLLAND,

### ON THE SECOND TUESDAY OF JANUARY, 1883.

Present,

PARK, C. J., CARPENTER, PARDEE, LOOMIS AND GRANGER, JS.

---

THE STATE *vs.* MATTHEW RYAN.

Under the statute (Gen. Statutes, p. 522, sec. 60,) which forbids the keeping open on Sunday of any place in which it is reputed that intoxicating liquors are kept for sale, an entire hotel may come within the statute as having such a reputation, although liquor may not have been sold in every room in it.

Whether the reputation applies to the whole hotel or to a certain part of it is wholly a question of fact for the jury.

If it applies to the whole house, the occupant may yet keep it open on Sundays for the admission of boarders and travelers.

COMPLAINT for keeping open on Sunday a house in which it was reputed that intoxicating liquors were sold; brought before a justice of the peace and appealed by the defendant to the Superior Court in Windham County. Tried to the jury before *Martin, J.* Verdict guilty, and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

*T. E. Graves,* in support of the motion.

*J. J. Penrose,* State's Attorney, contra.

LOOMIS, J.    The defendant was complained of for keeping open during the prohibited hours of a certain Sunday, a certain house reputed to be a place where intoxicating liquors were sold.

It appears from the motion that the place referred to was a hotel kept by the defendant, having two front rooms, one a bar-room and the other a sitting-room, each with its own outside door, but both opening through inner doors into a common hall between them, and the principal outside door and entrance to the hotel was into this common hall.

The State offered evidence to prove the keeping open of the house on the alleged day and the entry and exit of large numbers of people, residents of the village and vicinity; also evidence was offered tending to prove the reputation as alleged, and that it was not confined to the bar-room, but attached to the whole house occupied by the defendant.

The defendant on his part offered evidence to prove that every Saturday night, both before and after the date alleged, at about half past ten, he locked the front and inside doors of his bar-room and closed the blinds, and kept the room so closed till Monday morning, and that it was closed at the time alleged.    The State then in rebuttal offered evidence to prove that the defendant did not keep his bar-room closed as claimed by him, but that he did sometimes keep it open on Sundays and sell liquors therein, notwithstanding his claim and testimony to the contrary.

The motion for a new trial is predicated wholly on the refusal of the court to charge the jury as requested.    The substance of the request, given at greater length in the motion, was correctly condensed in the brief of the defendant's counsel to these two points :—That the court should charge the jury—1st, that the reputation which the witnesses applied to the whole house was disproved, and rested on the bar-room alone; and 2d, that if the bar-room was closed the

defendant had a right, so far as the present charges were concerned, to keep open his house as if no bar-room existed on his premises.

The first request involved a pure question of fact and· the court could not have complied with it without a clear usurpation of the province of the jury. It was for them to say whether witnesses were mistaken or false and whether the testimony as to what the reputation applied to had been disproved. The court gave the defendant the full benefit of this point before the jury, by instructing them that if they "should find that such reputation existed in connection with the defendant's house it would then be their duty to inquire and ascertain whether it applied and attached to the whole house, as claimed by the State, or only to the bar-room, as claimed by the defendant; and that if they should find from the evidence that the reputation attached only to the bar-room, and the defendant kept that room closed during the time mentioned in the complaint, then the defendant would be entitled to an acquittal."

Had this been a case where there was no testimony at all to be considered by the jury, an interference on the part of the court would have been justifiable; but here was a very different case. It would seem that all the evidence except what the defendant furnished attached the bad repute to the entire house, without distinction as to parts or different rooms.

The defendant instead of avoiding the effect of this evidence for the State, by showing that the reputation had no good foundation, as it was his privilege to do under the authority of *State* v. *Morgan*, 40 Conn., 46, seems by his course of defence virtually to have admitted the sale of intoxicating liquors on secular days, and that the reputation was well founded as to the bar-room in his hotel. This would seem to make a pretty complete case for the State on this point; for where it is alleged and proved that a hotel or house kept by a defendant is reputed to be a place where intoxicating liquors are kept for sale, and actual sales should be either proved or admitted, it would afford ample founda-

tion for the reputation of the entire hotel or house.   For this purpose it would seem absurd to require that liquor should be sold in every room.   The ill-repute may properly diffuse itself over the entire house, if under one occupancy and control, though founded on acts done in a corner of one room in it.

And this brings us to say, by way of criticism, that the most appropriate application of the defence involved in the facts relied upon would have been, not to the matter of localizing the reputation and limiting it to the bar-room, but to the question whether the hotel on this occasion was kept open by the defendant for the lawful object of admitting his guests as such, or for the unlawful purpose as well of selling intoxicating liquors.

The defendant properly offered evidence tending to show that his bar-room was always closed as early as half past ten Saturday night and so remained until Monday morning, and that the fact was so on this occasion, and that the people he received were strictly his boarders and guests.   If he had succeeded in convincing the jury that his claim was true, the court distinctly told them he should be acquitted. So that in fact he had the benefit of all the facts he relied upon in this more appropriate application, as well as under the head of reputation.

As to the other request, relative to the right of the defendant to keep his hotel open as such if the bar was closed, the charge was correct and substantially as requested, and was as follows:—"But if the reputation charged in the complaint attached to and embraced not the bar-room merely, but the whole house, then it was the duty of the defendant to close his house, except so far as it might be necessary to keep it open for the accommodation of his family, his boarders and travelers, guests of the house ; and that the defendant had a right to keep his house open for the accommodation of these several classes of persons, even if it had the reputation claimed by the State and alleged in the complaint."

A new trial is not advised.

In this opinion the other judges concurred.