THE STATE *vs.* PATRICK McMAHON.

The act of 1882 (Session Laws of 1882, p. 186), provides that if any licensed person "shall sell or deliver any intoxicating liquor to a minor," he shall be fined, &c. Held that a delivery to a minor sent by his father to purchase liquor for him, did not come within the act.

[Argued November 13th, 1885—decided January 22d, 1886.]

COMPLAINT by a prosecuting agent, for the sale and delivery of intoxicating liquor to a minor; brought, by appeal of the defendant from the judgment of a justice of the peace, to the Superior Court in Hartford County, and tried to the jury in that court, on the plea of not guilty, before *Carpenter, J.*

The statute charged to have been violated is as follows: "Every licensed person, who by himself, his servant or agent, shall sell or deliver spirituous and intoxicating liquor to any minor, * * * or allow any minor to loiter on the premises where such liquors are kept for sale, shall be fined not more than fifty dollars, or be imprisoned not less than ten nor more than sixty days, or both." Acts of 1882, ch. 107, part 6, sec. 4.

The defendant held a license for the sale of liquors at the place where the liquor in question was sold and delivered. On May 23d, 1885, Sarah White, a minor, was directed by Michael White, her father, to go to the defendant's saloon near by, and purchase a pint of gin for him. The father gave the child a bottle and money to pay for the liquor. She went to the defendant's place as directed. He kept a grocery store, with a bar in an adjacent room. On entering the store the child handed the bottle and money to the defendant and told him her father sent her for a pint of gin for himself and sent the money. The defendant went into the bar-room, the child remaining in the grocery store, filled the bottle, corked it, and returned it to the child. The child took it directly home, without removing the cork, and

delivered it to the father. The liquor was entirely for the father's use, and the child did not use any of it. The defendant's counsel claimed that the above facts, which were admitted, did not constitute an offense. The court ruled otherwise, and the jury returned a verdict of guilty. The defendant appealed to this court.

*J. L. Barbour*, for the appellant.

"The person to whom the sale was made is material. That is the element which gives character to the act and is the only criminal element in the transaction." *Com.* v. *Lattinville*, 120 Mass., 385. Now this being so, if Michael White bought the liquor and Michael White received it, there could be no crime. The case finds that he did both. He sent the child to the defendant's store to make a purchase for himself; he gave her the money to pay for the liquor and a bottle to contain it; she followed her father's directions exactly; she told the defendant that her father sent her for the liquor for himself; she received it from the defendant for her father and gave it to him exactly as she had received it. In other words, she was the agent of her father for the purchase, she disclosed her agency to the defendant, and she faithfully fulfilled all the duties of that agency. And so the purchase was that of the principal only, and therefore the sale was only to the principal. "Where an agent expressly contracts in the name of his principal, and that is understood by the party with whom he contracts, such contract is binding on the principal only." 1 Swift Dig., 325. "Where a person contracts or purchases as agent, and is known to the vendor to be such, the contract is with the principal." *Siegel* v. *The People*, 106 Ill., 89. If the defendant had been unlicensed, and on the above state of facts had been charged with sale to Sarah White, the evidence would not have sustained the allegation. "Evidence of an unlawful sale of intoxicating liquors to an agent with notice that he was purchasing for his principal, will not support an allegation in an indictment for sale to the

State *v.* McMahon.

agent." *Com.* v. *Remby*, 2 Gray, 508; *Com.* v. *Gormley*, 133 Mass., 582.

But the state may claim that even if the sale was to Michael White, the delivery was to Sarah White, because she received the liquor. We submit that there was here no delivery within the meaning of the law. The delivery contemplated by the statute is delivery to the minor *for himself and for his own use.* To hold otherwise would be a forced and unnatural construction of the statute. If the transaction at bar was a sale to Michael White, the delivery was to him also. She was his acknowledged agent not only to purchase, but also to receive for him. Delivery to the agent or messenger is delivery to the purchaser. 1 Swift Dig., 378. "The court will not extend the terms of a criminal statute beyond its clear, *legal* meaning. The word *sell* in the Illinois statute will not be construed to mean something different from its ordinary legal import." *Siegel* v. *The People*, 106 Ill., 89.

The Supreme Court of Massachusetts, which has never been accused of an undue prejudice towards liquor dealers, has decided this very question upon a state of facts similar to those at bar, and upon a complaint brought under a statute like ours in every essential particular. The case is *Commonwealth* v. *Lattinville*, 120 Mass., 385. The facts were that a minor was sent by her mother, an adult, who furnished the money for the purpose, to the defendant's saloon, and there purchased liquor for her mother's use. The law was as follows: "Each license shall be expressed to be subject to the following conditions: * * * *Fourth.* That *no sale or delivery* of liquor shall be made on the premises described in the license to a person known to be a drunkard, or to an intoxicated person, *or to a minor.*" Acts of 1875, ch. 99, sec. 6. And the decision of the court, as condensed in the head-note, was: "A sale and delivery of intoxicating liquor to a minor for his parent's use, is not a sale to a minor within the statute."

*W. Hamersley*, State's attorney, for the State.

The provisions of the statute, considered in connection with the object clearly sought to be accomplished, show conclusively that a sale or delivery to a minor is prohibited, whether he acts wholly for himself or is doing an errand for another.

The rule of construction which should guide courts in cases arising under penal statutes prohibiting or limiting the sale of liquors, has been settled by a great number of decisions. It may be thus stated: There is always a presumption that the legislature uses a word in the signification which common usage has affixed to it; when a word has a special or technical meaning more narrow than that affixed to it by common usage, and doubt exists as to the signification in which the legislature employed the word, the court must examine the context and consider the object which the act seeks to accomplish, and give the word that meaning which the context indicates the legislature intended and which will most effectually carry out the plain object of the act. *Howard* v. *Harris*, 8 Allen, 297; *Com.* v. *Clark*, 14 Gray, 367; Smith on Stat. and Const. Construction, § 481.

In the present case, while a doubt may exist as to the meaning to be attached to the word "sell," no doubt exists as to the sense in which the legislature employs the word "deliver." There is nothing to indicate that it is employed in any other sense than that which common usage has affixed to it. But assuming that a doubt exists as to the meaning of both words, the attention of the court is asked to the following considerations relating to the context and the plain object of the act.

The plain object of the act is: 1st. To prevent all traffic in intoxicating liquors by unlicensed persons. The notion of preventing any one from buying, drinking, or having the liquors, does not enter into this object. It aims only to prevent traffic by unlicensed persons. Hence the words of prohibition are words that apply only to traffic. 2d. To prevent certain classes of persons from using or having intoxicating liquors. The notion of preventing traffic, as an

essential element, does not enter into this object. It aims only to prevent the use or possession of liquor by unfit persons. Hence the words of prohibition are words that apply mainly to transfer of manual possession. A transfer of manual possession without a sale or traffic would not contravene the first object. A sale or traffic without a transfer of manual possession would not contravene the second object.

The word "sell" is used in different parts of the act in its ordinary and broader meaning; while the word "deliver" is clearly used in its ordinary meaning, of "putting into another's hand," and not with any technical signification. No jailer shall "furnish or suffer to be furnished" any liquor to a prisoner except as medicine. § 9. No person "shall deliver" any liquor to any prisoner without permission from the keeper. § 10.

The statute clearly shows that it is not the use of liquor by the minor which is prohibited; the prohibition seeks to prevent the licensed dealer from furnishing any opportunity for its use. He shall not employ in his saloon any minor as bar-tender, porter, or in any other capacity. § 13. He shall not allow any minor to loiter on his premises. § 4. He shall not sell, nor even deliver to (that is, put into the hands of) any minor any intoxicating liquor. § 4.

The weight of authority is in favor of the construction claimed. In the first place, the act is a mere arbitrary police regulation. It is not necessary, in the same sense that it is in most crimes, that "a wrongful act and a wrongful intent" should concur in order to constitute the offense. It is sufficient if the prohibited act is voluntarily committed. The offense is committed, even when the dealer believed and had good reason to believe that the purchaser was not a minor but of full age. *Redmond* v. *The State*, 36 Ark., 58; *Flynn* v. *Galesburg*, 12 Bradw., 200; *McCutcheon* v. *The People*, 69 Ill., 601; *Farmer* v. *The People*, 77 id., 322; *Ulrich* v. *Com.*, 6 Bush, 400; *Com.* v. *Emmons*, 98 Mass., 6; *Roberge* v. *Burnham*, 124 id., 277; *State* v. *Cain*, 9 West Va., 559; *State* v. *Hartfiel*, 24 Wis., 60. There are how-

ever cases to the contrary in Ohio, Michigan, and Indiana, and in Alabama the cases are conflicting.

In the next place, as to a delivery to a minor who gets the liquor for another person being an offense. There are very few authorities bearing on this question. In Alabama, where the words of the statute are "sell or give away spirituous liquors to a minor," the court says: "The statute would soon become a dead letter if it was so construed that sales to the minor as agent or servant were excluded from its operation." *Bain* v. *The State*, 61 Ala., 79. In Indiana it has been held that a sale to a minor who states that he is sent by his mother, the dealer believing the statement, which however is not true, is an offense. *Holmes* v. *The State*, 88 Ind., 148. In New York it has been held that the fact that the purchasing minor was really the agent of an undisclosed principal, is no defense. *Ross* v. *The People*, 17 Hun, 592. In Massachusetts the authorities are apparently conflicting. In *Com.* v. *Lattinville*, 120 Mass., 385, the facts were substantially the same as in this case, and the court held that no offense had been committed. The court bases its opinion on this assumption: "The mischief which the statute designs to prevent is the possession of intoxicating liquors by a minor for his own use and subject to his own control." And it makes this assumption upon the strength of section 15 of the same act, which provides that whoever shall sell or give intoxicating liquors to a minor, or allow a minor to loiter about his premises where such liquors are sold, shall forfeit $100 to the parent or guardian of such minor, to be recovered in an action of tort. It would seem that the court made a mistake in its statement of the mischief which the statute was designed to prevent. But however that may be, its opinion was induced by a provision of the statute entirely different from any provision in our own statute. In a later case, *Com.* v. *Finnegan*, 124 Mass., 324, the court sustains a charge to the jury that if the minor "bought the whisky for himself, it would be a sale to him, although he had authority from his mother to buy for her, and stated to the defendant that he was buying for her, and the defendant

believed that he was so buying," and sustained a refusal to charge that if the minor had authority to buy for his mother, and so stated to the defendant, and the defendant so believed, and the minor did in fact buy for his mother, but after the purchase changed his mind and used the liquor for himself, no offense was committed. Unless this case is held to overrule or modify *Com.* v. *Lattinville*, two decisions establish the strange doctrine, that a sale to a minor, perfectly innocent at the time, may be made a crime on the part of the vendor by the subsequent acts of the minor.

GRANGER, J. This is a prosecution against a person licensed to sell intoxicating liquors, for the sale and delivery of such liquors to a minor in violation of the act of 1882, which provides that "every licensed person who shall sell or deliver intoxicating liquor to any minor," shall be fined, &c. Session Laws of 1882, chapter 107, part 6, section 4, p. 186. And the case depends upon the construction to be given to that act.

The statute is a penal one and is to be strictly and fairly construed and not to be extended beyond cases clearly within both its letter and spirit. This rule is well settled. "A thing which is within the letter of a statute is not within the statute unless it be within the intention of the makers." 4 Bac. Abr., *Statutes*, sec. 45. "Penal statutes are always to be strictly construed for the benefit of the citizen; nothing more is to be deduced from the words than they expressly warrant, and they are not to be extended by implication." 1 Swift's Dig., 13; 1 Black. Com., 61. In *French* v. *Gray*, 2 Conn., 113, HOSMER, J., says: "Instances of restrictive legislation, narrowing the liberal operation of a statute, have been frequent; and criminal laws of the most comprehensive expression are not considered as including idiots or mad-men. * * * By 1 Edw. II. the breaking of a prison by a prisoner confined for felony, is made a felony; but if the prison is on fire, and in order to save his life the prisoner breaks it, this act, though di-

rectly contrary to the letter, is deemed to be no violation of the statute.   Plowd. Rep., 13."

In prosecutions under the same statute that we are now considering, for keeping open places where liquors are sold on Sunday, we have recently held, in *State* v. *Ryan*, 50 Conn., 411, that a literal keeping open of such a place for the ordinary use of the family and boarders of the keeper, was not a violation of the statute.

Applying the rule we have stated, a majority of the court are of opinion that the facts of this case do not bring it within the intent and spirit of the act, although it may come within its letter, and that there has not been a violation of the statute.

The facts show no purpose on the part of the defendant to practice any subterfuge or attempt to evade the law. Nor do they show in themselves any dishonest purpose.   If any offense was committed it consisted solely in the handing of the bottle containing the liquor to the child; for, unquestionably, the sale was in law to the father, the child having disclosed her agency and stated the errand upon which she was sent by her father.   The sale to the father was a legal sale, the defendant being a licensed vendor, unless the act of passing the bottle into the hands of the child made it illegal.   It does not seem reasonable to suppose that it was the intention of the legislature to make an act, innocent as this was in itself, a crime, when no injury to the child could result; for the bottle of liquor, so long as it was not opened, was as harmless as a package of tea, or any other article that children are so frequently and so properly sent to purchase.

The intent of the provision in question in the statute was, as it seems to us, solely to prevent a licensed vendor of liquors from selling to minors, and the other classes mentioned in the act, liquors for their own use.   The mischief to be remedied was the obtaining of liquors by those classes for their own indulgence.   The seller was not to furnish them liquors for this purpose by sale or gift or delivery. The word " deliver," as here used, is of the same import as

the word "give." Both these words are used in the act with apparently the same intent, or substantially the same. In the third section, in case of notice by the selectmen to the dealer, he is forbidden to "sell, exchange or give." In section four, which states the penalty, the words "give" and "exchange" are omitted and the words "sell or deliver" only used. Webster defines the word "deliver"—"to give or transfer." In this case it seems clear that the words "sell or deliver" mean simply that the dealer shall transfer the liquor to the interdicted persons by sale or gift.

"A statute ought to be so construed that no man who is innocent can be punished or endangered." 4 Bac. Abr., *Statutes.* "No statute should be construed in such manner as to be inconvenient or against reason." Carthew, 136; 1 Inst., 97.

A recent decision of the Supreme Court of Massachusetts, in a case almost identical with the present one, both as to the statute construed and as to the facts, sustains the view we have taken. *Commonwealth* v. *Lattinville*, 120 Mass., 385.

There is error in the ruling of the Superior Court and a new trial is ordered.

In this opinion PARK, C. J., and PARDEE, J., concurred. LOOMIS, J., dissented. CARPENTER, J., having tried the case in the court below, did not sit.