STATE v. C. C. WALKER.

*Indictment—Selling Liquor to Minors.*

Where a father sent his minor son to buy whiskey, for his (the father's) use, and the dealer delivered the whiskey to the son, knowing it was for the father: *Held,* that the seller was not guilty of selling to a minor, under § 1077 of *The Code.*

INDICTMENT, for selling intoxicating liquor to a minor, tried before *MacRae, J.,* at Fall Term, 1888, of the Superior Court of BEAUFORT.

The defendant was indicted under § 1077 of *The Code.*

The indictment contained two counts, one for selling, and the other for giving, intoxicating drinks and liquors to one Fred. Gardner, who was under twenty-one years of age and unmarried.

The evidence was, in substance, that Fred. Gardner, an unmarried youth, about nine years of age, was the son of John Gardner; that John Gardner sent Fred. to one Bergeron, who was admitted to be a liquor dealer, and for whom Walker was clerk, for whiskey, and that Walker delivered it to Fred., for his father, by the direction and upon the

order of the father. The son testified, among other things: "I do not drink; the defendant knew that all the liquor was for papa," &c.

The father testified, in substance, that he sent his son Fred., either with an order or the money, for whiskey, and that it was for his (the father's) own use, and that prior to his instruction to the defendant he had refused to send him whiskey by the son.

The defendant asked the Court to instruct the jury:

"1. That if the defendant knew the liquor was for the father and not for the minor, and that the minor was only a messenger for the father, defendant is not guilty.

"2. That the father had the right to use his son as a messenger to carry liquor to him.

"3. That if the father purchased liquor for himself, and the defendant knew this, under the facts as testified in this case, it would be a sale to the father and not to the son, and the defendant would not be guilty."

These instructions were declined, and "the Judge instructed the jury that, if they believed the evidence, the defendant was guilty."

Defendant excepted. There was a verdict of guilty, judgment and appeal.

*The Attorney General*, for the State.
No counsel for the defendant.

DAVIS, J. (after stating the case). We are unable to see how this, upon the facts stated, can be regarded as either a sale or a gift to the minor. It was not a *gift* to anybody. It was a *sale* to the father, and the son was only a messenger; it was not a sale to the son.

The cases of *State* v. *Laurence*, 97 N. C., 492, relied on by the Attorney General, are not applicable to this case. In those cases the sales or gifts were made to minors and for

STATE *v.* WALKER.

the *use* of the minors. In the former case the father had given the liquor dealer permission to give spirituous liquors to the son, and it was properly held that the permission of the father cou'd not "suspend the statute" and authorize a sale or gift of intoxicating drink to the son. In the case before us, the sale was made to the father and for the father, and it was only sent by the son as a messenger for the father.

The Court can only pass upon the law applicable to the facts, and the very forcible argument of the Attorney General was addressed rather to the moral than the legal aspects of the case.

Prior to the emancipation of slaves, it was unlawful to give or sell liquors to a slave, without the written consent of the owner or manager of the slave. In *State* v. *McNair*, 1 Jones, 180, the defendant was indicted; the proof was that the defendant had delivered liquor to a slave upon the order and for one Higgs, who was the overseer. This Court held a conviction and judgment upon this evidence to be erroneous, and NASH, C. J., said: "The act under which the indictment is found had no intention to abridge the legitimate use of his slave by the owner; it is still left him; it is not denied he may use him as his agent." Fred Gardner was but the agent or messenger of his father— the sale was to the father.

Error. New trial.