**PEOPLE, Respondent, v. ZABOR, Appellant.** (Supreme Court, Appellate Division, First Department. March 10, 1905.) Appeal from Court of Special Sessions of City of New York. Louis Zabor was convicted of violating Pen. Code, § 290, by selling cigars to one Edward Gluck, a male child actually and apparently under the age of 16 years, and he appeals. Affirmed. For former opinion, see 90 N. Y. Supp. 412.

PER CURIAM. Judgment affirmed.

LAUGHLIN, J. (dissenting). On the 21st day of July, 1904, the defendant was arrested by a peace officer without a warrant and taken before City Magistrate Crane, with whom the officer who made the arrest filed an information charging that the defendant did that day, at premises No. 1926 Third avenue, in the city of New York, "sell or give away one package of cigars, known as 'Jack Rose Little Cigars,' to one Edward Gluck, a male child actually and apparently under the age of 16 years, to wit, of the age of 11 years, in violation of section 290 of the Penal Code of the state of New York." Upon this information the magistrate made an order reciting that there was sufficient cause to believe the defendant guilty of the crime charged, and holding him to answer the same, and committing him to the City Prison until he gave bail, which was fixed at $200. On the same day defendant gave an undertaking and was admitted to bail. On the 26th day of the same month the defendant, by his attorney, filed a formal demurrer to the information in the Court of Special Sessions, upon the ground that it did not state facts sufficient to constitute a crime. On the 28th day of the same month the court made a formal order reciting that the attorney for the defendant was heard in favor of the demurrer to the information, and that the district

attorney was heard in opposition thereto, and ordering that the demurrer be disallowed. The case, containing exceptions, recites that after the disallowance of the demurrer the defendant pleaded not guilty and was brought to trial on the same day on the information, charging him with a violation of said section 290 of the Penal Code. It then appears that counsel for the defendant moved for the dismissal of the prosecution and the discharge of his client upon the grounds (1) that the complaint did not state facts sufficient to warrant the court in proceeding with the charge, and (2) that the allegations in the papers before the court show that it has no jurisdiction, and (3) that the statute under which the prosecution was instituted is unconstitutional. The motions were denied, and counsel for the defendant excepted. The trial then proceeded. The evidence shows that at the time and place stated in the information the defendant delivered to said Gluck one sealed package of "Jack Rose Little Cigars," for which Gluck paid him five cents; that Gluck was then only 11 years of age; that the boy's mother conducted a boarding house in the neighborhood of the cigar store; that one Samuels boarded with her, and on this and other occasions he had given the boy the price of cigars and sent him to the store to obtain cigars; that the cigars were purchased on this occasion, not for the boy, but for Samuels; that the boy never smoked; that Samuels had personally purchased cigars of the defendant, who knew the brand he smoked; and that on other occasions, when the boy purchased cigars for Samuels, the defendant was informed that the cigars were for Samuels. It was further shown by the testimony of the defendant and that of the boy that defendant was informed by the boy on this occasion that he was acting for Samuels, but their testimony on this point was controverted by that of the peace officer who made the arrest. If it were material to the defendant's innocence that it should appear that he was expressly informed on the occasion in question that the boy was acting as agent for Samuels, and not making the purchase for himself, I am of opinion that a finding that he was not so informed, although there is conflicting testimony, is against the weight of the evidence. I am of opinion, however, that this was not essential. It appears from the uncontradicted evidence that the defendant knew from previous transactions that the boy was merely the agent of Samuels, and he had a right to infer, under all the circumstances, without being expressly informed on this occasion, that the purchase was made for Samuels, as it was in fact. As I read subdivision 5 of section 290 of the Penal Code, there is no evidence of legislative intent to prohibit the sale and delivery of cigars, cigarettes, or tobacco to a boy under 16 years of age as agent for an adult. The vice aimed at was sales to boys for their own consumption. The act should not receive an interpretation which would preclude a father from sending his sons of 11 or 15 years of age to a cigar store in the neighborhood to purchase cigars, cigarettes, or tobacco, where the tobacconist was aware of the fact that the purchase was made, not for the boy, but for the parent. Of course it follows, if a boy may act as agent for his father without violat-

ing this statute, he may act as agent for another, who might himself lawfully make the purchase. It is to be borne in mind that the Legislature has not made it a crime for a boy to visit a cigar store or for the proprietor to admit him. The place of the transaction is not material under the statute. The construction contended for by counsel for the people would make the mere delivery of cigars, cigarettes, or tobacco to a child, even in the presence of his parent, a crime. If the Legislature intended to prohibit the sale of cigars, cigarettes, or tobacco to a child under any circumstances, I think different language would have been employed in expressing that intent. Precedents as well as reason forbid that this statute should be extended to prohibit a delivery of cigars, cigarettes, or tobacco to a boy acting as agent for another to the knowledge of the vendor. Black on Intoxicating Liquors, § 420; State v. McMahon, 53 Conn. 407, 5 Atl. 596, 55 Am. Rep. 140; Ross v. People, 17 Hun, 591; O'Connell v. O'Leary, 145 Mass. 311, 14 N. E. 143; Randall v. State, 14 Ohio St. 435; State v. Walker, 103 N. C. 413, 9 S. E. 582. Having reached the conclusion that the conviction was not warranted by the evidence, it is unnecessary to determine the sufficiency of the information, although counsel for the district attorney virtually concedes its insufficiency. Notwithstanding that the Legislature has recently more definitely prescribed the practice in the Courts of Special Sessions, so that the question is not likely to arise again, I cannot refrain from expressing dissent from the views of the counsel for the people that, when a person is arrested without a warrant, it is not necessary to file an information with the magistrate before whom he is taken, and that he may be held to answer in the Court of Sessions upon an oral charge and without an information or depositions, unless he expressly requests that depositions be taken, in which event they may be taken, and remain in shorthand and unsigned by the witness. Testimony in shorthand, unsigned, cannot constitute a deposition. Upon the argument it was asserted by counsel for the people, with apparent confidence, that a person may be arrested without a warrant and orally charged before a magistrate with one offense, upon which he was arrested, and then held and brought to trial before the Court of Sessions on any other offense, upon the theory that the statute does not require the return of the information, and that the charge is confined to the evidence upon which the arrest was made only in case a warrant was issued, which is required to be returned. Whether or not, where a person is held to answer in the Court of Sessions, the statute requires a return of the information upon which a warrant is issued, or which is filed after the arrest without a warrant, it is, for the reasons already stated, unnecessary to decide; but it may be observed that, whether or not there be an omission in the statute in this regard, it is plain that the person so held for trial in the Court of Sessions can only be brought to trial by virtue of that holding upon the charge upon which he was arraigned, or which was investigated by the magistrate who held him. We intended to decide, and we think the view is plainly expressed in our opinion, in the case of People v. Crane, 94 App. Div. 397, 88 N. Y. Supp. 343, that there is no such thing as a parol information in a criminal case, and that an information in writing, or depositions written out and signed by the witnesses, are essential to the jurisdiction of a magistrate before whom a person is arraigned, charged with crime, to hold the prisoner to wait for trial in another court, or to await the action of the grand jury. The recent legislation was proper to correct the irregular methods that have prevailed in this department in this regard; but it was entirely unnecessary for the purpose of establishing the law relating to the rights of the accused, for the law has always secured his rights, as stated herein and in the opinion in People v. Crane, supra. I therefore vote for a reversal.

HATCH, J., concurs.