## WALLACE H. CAMP'S APPEAL FROM COUNTY COMMISSIONERS.

Third Judicial District, Bridgeport, October Term, 1907.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, JS.

General Statutes, § 2674, originally enacted in 1882, forbids the sale of intoxicating liquor "in any building belonging to or under the control of the State, or of any county or town in the State." *Held* that a building exclusively owned or controlled by a city did not come within this prohibition.

Whether a building erected by a tenant under a long-term lease, upon land owned by a town, can properly be said to "belong to," or to be "under the control of," the town, within the meaning of this statute, *quære*.

Submitted on briefs October 22d—decided December 17th, 1907.

APPEAL from a decision of the County Commissioners of New Haven County granting a liquor license to Sarah J. Knapp, taken by a remonstrating taxpayer to, and tried by, the Superior Court in New Haven County, *Gager, J.;* facts found and judgment rendered confirming the action of said commissioners, and appeal by the taxpayer. *No error.*

*Nathaniel R. Bronson* and *Lawrence L. Lewis*, for the appellant (taxpayer).

*Lucien F. Burpee, Terrence F. Carmody* and *James M. Lynch*, for the appellee (the licensee).

HALL, J. In October, 1906, Sarah J. Knapp applied to the county commissioners of New Haven county for a license to sell liquor in a building known as the "Wilkes House" in the city of Waterbury. Six persons, including the appellant, remonstrated against the granting of such application, upon the ground that the place designated therein was unsuitable, and were heard before the county commissioners. From the decision of the commissioners, granting the license, the appellant appealed to the Superior

Court, assigning as reasons of such appeal that the place named was an unsuitable one for the sale of liquor, and that the applicant was an unsuitable person to receive a license. The Superior Court, having made a finding of all the facts, decided the issues in favor of the appellee and dismissed the appeal, holding that there was no statutory objection to the granting of the license, and that the county commissioners had neither exceeded their powers nor abused their discretion.

Of the errors assigned in the appeal to this court, the only one which need be specially noticed is that alleging that the Superior Court erred in holding that the provision of § 2674 of the General Statutes, that "no spirituous and intoxicating liquors shall be sold, exchanged, or given away in any building belonging to or under the control of the state, or of any county or town in the state," did not prohibit the county commissioners from granting a license for the sale of liquor in the building named in the application.

In support of his claim that the language of the statute above quoted prohibits the sale of liquor in said building, and therefore forbade the granting of the license issued, the appellant relies upon these facts found by the trial court: The land upon which the "Wilkes House" stands is part of a tract of some sixteen acres, formerly owned by the town of Waterbury, and which, a considerable number of years ago, it leased to Thomas H. Hayes and others, representing the Waterbury Driving Company, "for the purposes and uses of a driving park, track, for holding agricultural meetings and for any and all other proper purposes." On or about October 1st, 1900, and before the term of said lease expired, the town renewed it to the same parties for the further term of twenty-five years from January 1st, 1904. After the first lease was given, Hayes leased from the Driving Company, by parol, a part of said tract, and erected thereon the "Wilkes House," which he has ever since rented to tenants and has claimed to own. The husband of the applicant conducted a licensed saloon

in this building for many years prior to his death, about two years ago, and the applicant has since carried it on, both of them leasing from Hayes, by parol, from month to month. By the Consolidating Act of 1901 (13 Special Laws, p. 856), the town's title to the entire sixteen-acre tract became vested in the city of Waterbury on the first Monday of January, 1902, and has ever since so remained.

These facts show that when the license was granted, the city of Waterbury owned the fee to the entire sixteen-acre tract; that Hayes, and others representing the Driving Park, owned a leasehold estate in it for the unexpired term of some twenty-two years; and that the town of Waterbury had no ownership or control whatever of any part, either of the building called the "Wilkes House," or of the sixteen-acre tract upon a part of which it stood.

Whether, even when the town owned the fee to this land, a building erected upon it by a tenant under a twenty-five-year lease could properly be said to "belong to," or be under the "control of," the town, within the meaning of the statute, during the term of the lease, may well be questioned; and especially if the building was so constructed that it could lawfully be removed by the lessee during his term. But we are not concerned with that question in this case. The city owns the fee to the land, and either the city or the said lessees, or both of them, own and control the "Wilkes House," and the statute does not prohibit the sale of liquor in a building owned or controlled by either. Cities are not named in the statute, and we cannot sustain the appellant's claim that they were intended to be included in the words "any county or town." The boundaries of cities are not coincident with those of counties, and not always with those of the towns within the limits of which they are situated. Counties, towns and cities may each, and each usually does, own or control buildings over which neither of the others has any control. The words, "any building belonging to or under the control of . . . any county or town in the state," could not therefore in many cases embrace buildings belonging to and controlled by

cities.   The greater powers and facilities possessed by cities under their charters for the proper management of their public buildings, may have been deemed by the legislature a sufficient reason for not including the buildings of such municipalities in the prohibition of the statute.   But whatever may have been the reason for not adding the words "or of any city," to those used in the statute, we cannot hold that the words employed sufficiently describe buildings exclusively owned or controlled by a city.

The statute in the words above quoted was first enacted in 1882.   Public Acts of 1882, p. 182, § 7.   It was re-enacted in the same words in 1883; Public Acts of 1883, p. 315, § 6; again in the Revision of 1888, § 3074, and again in our present Revision of 1902.   To add to its provisions a prohibition of the sale of liquors in any building belonging to or under the control of any city, is not within the judicial function.

There is no error.

In this opinion the other judges concurred.