THE STATE OF CONNECTICUT vs. WILLIAM WEST PENNER.

Third Judicial District, Bridgeport, April Term, 1912.

PRENTICE, THAYER, RORABACK, GEORGE W.' WHEELER and RALPH WHEELER, Js.

General Statutes, § 2701, as amended by chapter 78 of the Public Acts of 1903 and as further amended by chapter 19 of the Public Acts of 1905, providing for the punishment of any person who, during unlawful hours, enters any place where spirituous and intoxicating liquors are exposed for sale, with intent to purchase, or who pur-

chases, said liquors therein during such hours, applies only to places licensed for the sale of intoxicating liquors therein.

A penal statute is to be strictly construed for the benefit of the citizen, and is not to be applied to cases which are not within the fair import of its language—that which its ordinary reading warrants; the question being, not what the legislature actually meant to say, but what is the meaning of what it did say.

Argued April 19th—decided June 13th, 1912.

INFORMATION for violation of the law respecting the sale of intoxicating liquors, brought by appeal of the accused from the City Court of Bridgeport to the Criminal Court of Common Pleas in Fairfield County and tried to the jury before *Walsh, J.;* verdict and judgment of guilty, and appeal by the accused. *Error and judgment reversed.*

*John J. Phelan*, for the appellant (the accused).

*Elmore S. Banks*, Prosecuting Attorney, and *Albert J. Merritt*, for the appellee (the State).

RALPH WHEELER, J. The information charges, in substance, that on October 8th, 1911, William West Penner, not being the proprietor of the place at No. 646 Main Street, in the town of Bridgeport, where spirituous and intoxicating liquors were then exposed for sale, did, with intent to purchase intoxicating liquor, enter said place at certain hours, during which it was unlawful for said place to be open for the sale of such liquors, or to expose the same for sale, and was found in said place during said hours. Nothing is said of license of the place or proprietor in the information.

The finding shows that no license for the sale of intoxicating liquors at said place in Bridgeport had been

issued by the county commissioners of Fairfield county prior to October 8th, 1911; that the accused, at the time and between the hours stated in the information, entered said place with the intent to purchase intoxicating liquor, and was found in said place during said hours; and that he was not the proprietor of such place, nor an officer or other person visiting such place for the purpose of ascertaining if the law was being violated therein.

There is no section of the statutes which provides for the punishment of a person who enters a place where intoxicating liquors are sold or are exposed for sale, with the intent to buy such liquors, or who is found in such place, unless it be § 2701 of the General Statutes as amended by chapter 78 of the Public Acts of 1903, and as further amended by chapter 19 of the Public Acts of 1905. It is not suggested that the defendant is amenable under any other statute.

The sole question, therefore, presented upon the record, is, Does § 2701 of the General Statutes as so amended apply only to places licensed for the sale of intoxicating liquors therein, or does that section apply to unlicensed places as well as to licensed places?

As amended, § 2701 reads: "Every person who, with intent to purchase intoxicating liquor, shall enter any place of any kind or description in which spirituous and intoxicating liquors are licensed to be sold or exposed for sale, during the hours in which it is unlawful for such place to be open for the sale of spirituous and intoxicating liquors, or who shall purchase intoxicating liquors in any such place, or of the proprietor of any such place, or of any of his servants or agents, either in such place or elsewhere, during such hours, and every person who shall be found in any such place, during such hours, shall be fined not more than seven dollars; provided, that this section shall not apply to the pro-

prietor of such place, nor to his servants, nor to officers or other persons who may visit such place for the purpose of ascertaining if the law is being violated therein."

There are certain general rules in relation to the construction of penal statutes which are to be observed. They are to be construed strictly. The courts will not apply them to cases which are not within the obvious meaning of the language employed by the legislature. To ascertain such intent the primary rule is that the statute is to receive that meaning which the ordinary reading of its language warrants. 26 Amer. & Eng. Ency. of Law (2d Ed.) pp. 568, 598, and notes.

No act is a violation of a penal statute, unless it falls within the fair import of its language. Such statutes are not to be extended beyond the fair import of their language. They are always to be strictly construed for the benefit of the citizen. Nothing more is to be deduced from the words than they expressly warrant, and they are not to be extended by implication. In the construction of such a statute, the question is not what the legislature actually meant to say, but what is the meaning of what it did say. *Daggett* v. *State,* 4 Conn. 60; *State* v. *Brown,* 16 id. 54, 57; *Stoddard* v. *Couch,* 23 id. 238, 241; *State* v. *McMahon,* 53 id. 407, 413, 5 Atl. 596; *Camp's Appeal,* 80 Conn. 272, 274, 68 Atl. 444; *State* v. *Hurlburt,* 82 Conn. 232, 72 Atl. 1079; *State* v. *Faatz,* 83 Conn. 300, 76 Atl. 295.

The words "exposed for sale," used in the statute, are connected with the word "licensed" precisely as the word "sold" is so connected. The words could be transposed and made to read, "licensed to be exposed for sale or sold," and mean the same thing—no more and no less. Licensed places only are referred to. If the statute was intended to extend to unlicensed places, the word "licensed" could easily have been omitted, and the statute have been made to include all places

where intoxicating liquors are exposed for sale and which are unlawfully open. Indeed, very much of the language employed in the statute might easily and more conveniently have been omitted had that been the intent of the statute.

The words "during the hours in which it is unlawful for such place to be open for the sale of spirituous and intoxicating liquors" clearly enough imply that the reference is to places where intoxicating liquors may, during certain hours of the day, be lawfully exposed for sale and sold. The same implication is contained in the language "or who shall purchase intoxicating liquors in any such place, or of the proprietor of any such place, or of his servants or agents, . . . during such hours." Licensed proprietors and their servants and agents are intended. Section 2701 is really a supplement to § 2700, which immediately precedes it. Section 2700 reads: "Every person licensed to sell spirituous and intoxicating liquors, and the servant or agent of any such licensed person, who shall, between eleven o'clock at night and five o'clock on the following morning, keep open any place, apartment, store, or room where such liquors are sold, exchanged, or given away, shall be subject to the penalties," etc. Section 2700 having thus provided for the punishment of any licensed person, or his servant or agent, who keeps open his place between certain hours, § 2701 then provides for the punishment of any person who enters the place where such licensed person, or his servant or agent, is violating the law by keeping it open at such unlawful hours.

It is suggested by counsel for the State, that in the language of the statute in relation to the granting of licenses to suitable persons to sell or exchange intoxicating liquors in suitable places the word "expose" is not employed. That is true; but the exposure of such liquors is necessarily implied in the language used. The lan-

guage is simply the expression of such necessary implication, and is common in ordinary conversation.

Upon the conceded facts and the statute under which the information is drawn, the defendant is not guilty.

There is error and the judgment is reversed.

In this opinion the other judges concurred.