THE STATE OF CONNECTICUT *vs.* FRITZ WEBER.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued January 10th—decided February 13th, 1936.

*David S. Day,* with whom was *I. L. Kotler,* for the appellant (defendant).

*Richard S. Swain,* Prosecuting Attorney, for the appellee (the State).

MALTBIE, C. J.  The defendant was informed against for a violation of § 6288 of the General Statutes, which reads as follows: "Any person, being a public officer, trustee or agent, or a member of the board of management of any public or private institution or corporation, who shall receive for his own use, directly or indirectly, from any person with whom he shall make a contract or transact any business, as such public officer, trustee or agent, or with whom the board of management of which he is a member, shall make a contract or transact any business, any payment, commission or compensation, whether direct or under the form of some profitable sale, purchase or contract or a gratuity of any kind, by reason of, or in acknowledgement for, or in connection with, the making of

such contract or the transacting such business, shall be imprisoned not more than one year or fined not more than three hundred dollars or both." The specific charge was that the defendant while a member of the board of education of the city of Bridgeport received certain gratuities from a coal company from which the board purchased fuel for the use of the schools.

These purchases were made by the board as such; the defendant did not himself make the contracts or transact the business with it; he was not therefore within the scope of that portion of the statute which penalizes a public officer for receiving gratuities from any person "with whom he shall make a contract or transact any business as such public officer, trustee or agent." The contention of the State is that his position was such as to bring him within the words, "a member of the board of management of any public or private institution or corporation." The statute, being penal, must be strictly construed and its meaning cannot be extended by presumption or intendment. *State* v. *Parker,* 112 Conn. 39, 46, 151 Atl. 325. The board of education is an agency of the law, charged with the management and control of the public school system within the city, by the means and in the manner designated by the Legislature. 18 Special Laws, p. 665; *Groton & Stonington Traction Co.* v. *Groton,* 115 Conn. 151, 155, 160 Atl. 902. A member of the board cannot be brought within the provision of the statute upon which the State relies without an unwarranted extension of its fair meaning and import. *Hassett* v. *Carroll,* 85 Conn. 23, 33, 81 Atl. 1013. However wrongful may have been the conduct of the defendant, he cannot be subjected to criminal prosecution under it.

There is error, the judgment is set aside and the case remanded with direction to dismiss the information.

In this opinion the other judges concurred.