### STATE v. SAMUEL COOPER

COURT OF COMMON PLEAS                 FILE No. 4069
JUDICIAL DISTRICT OF WATERBURY

Memorandum filed January 22, 1948.

William J. Larkin, of Waterbury, for the State.

Perry Graicerstein, of Waterbury, for Samuel Cooper.

McDONOUGH, J. The accused is alleged to be a permittee for the sale of alcoholic liquor under permit designated "package store beer permit," and it is alleged that on September 5, 1947, he did unlawfully sell beer before 8 o'clock in the

morning, which the state claims to be contrary to the statute in such cases made and provided.

To this information the accused filed his demurrer on two grounds: first, that there is no statute prohibiting the sale in question; and, second, if § 642h was intended to prohibit such sale, it is so indefinite, vague and uncertain as to be void.

Section 642h of the 1945 Supplement to the General Statutes, entitled "Hours and days of closing," reads in part as follows: "The sale or dispensing of alcoholic liquor in places operating under package store permits, package store beer permits or grocery store beer permits shall be unlawful on the day of any state or municipal election, on Sunday, Good Friday or Christmas; and said sale or dispensing of alcoholic liquor in places operating under package store permits shall be unlawful on any other day before eight o'clock a. m. and after eleven o'clock p. m., Eastern Standard Time, except that when daylight saving time is being observed said hours shall be eight o'clock a. m. and eleven o'clock p. m., daylight saving time. Any town may, by a vote at a town meeting or by ordinance, reduce the number of hours during which such sale shall be permissible."

Section 622h, entitled "Classes of permits," states in part as follows: "Permits shall be subject to the regulations of the commission and the provisions of this chapter and shall be of the following classes: . . . (c) (1) package store permit; (2) package store beer permit; (3) grocery store beer permit; . . ."

The state admits, for the purpose of the determination of this matter, that the city of Waterbury has passed no ordinance reducing the hours during which sales may be made; that the liquor control commission has designated a beer permit issued to a grocery store as a package store beer permit.

The history of this particular act, § 642h, supra, commences with its enactment as § 730b of the 1933 Cumulative Supplement. Later, with some change, it became § 1074c. The act before us was enacted in 1945, after a legislative experience with the matter of some twelve years, and with this knowledge the legislature saw fit to amend the previous acts pertaining to "hours and days of closing" by enacting said § 642h. It must be noted that the third sentence of said section reads as follows: "The sale or dispensing of alcoholic liquor in places operating under package store permits, *package store beer permits or*

*grocery store beer permits* shall be unlawful on the day of any state or municipal election, on Sunday, Good Friday or Christmas; and said sale or dispensing of alcoholic liquor in places operating under package store permits shall be unlawful," etc., as above set forth. The underlined words herein are italicized in the act, plainly indicating that the section as previously existing was intended to be amended by the insertion of those words. The italicized words definitely prohibit the sale of alcoholic liquor under package store beer permits or grocery store beer permits on said specified days, and if the words "package store permits" were sufficient to include "package store beer permits or grocery store beer permits," the legislature would not have added the italicized words. Therefore, the legislature made that clear and definite.

It must also be noted that there was no reference to the hours for sales under such package store beer permits or grocery store beer permits, and the court cannot read it into the statute by implication or reference.

To add some force to the foregoing action of our legislature in passing the act before us, we find that Public Act No. 269, 1947, regulating package store permittees, was enacted limiting the types of merchandise that may be sold by each, indicating that the legislature intended that each of these three types of permits be distinct and different, as each presents different problems and must be dealt with as distinct and different.

This is a penal action and the statute must be strictly construed. "Being a penal statute, [it] must be strictly construed, in . . . that it cannot be enlarged by construction to cover a case not within its literal terms . . . nor . . . for the purpose of more effectually suppressing the mischief to which it is directed." *State* v. *Levy,* 103 Conn. 138, 141. "No act is a violation of a penal statute, unless it falls within the fair import of its language. Such statutes are not to be extended beyond the fair import of their language. They are always to be strictly construed for the benefit of the citizen. Nothing more is to be deduced from the words than they expressly warrant, and they are not to be extended by implication. In the construction of such a statute, the question is not what the legislature actually meant to say, but what is the meaning of what it did say." *State* v. *Penner,* 85 Conn. 481, 484; *State* v. *Parker,* 112 Conn. 39, 46; *State* v. *Weber,* 121 Conn. 160, 162.

The language empolyed in the act before us cannot be construed other than heretofore set forth, because it constitutes substance and not technicalities. *State* v. *Zazzaro*, 128 Conn. 160, 167.

From the foregoing, it is apparent that at the time of the alleged offense, namely September 5, 1947, under the form of "package store beer permit" then held by the accused, it was not a violation of any statute for the acussed to dispense said beverage prior to 8 a. m. on said date, as at said time no statute prohibited such action.

For the reasons stated, the demurrer is sustained, on the first ground.