STATE OF CONNECTICUT *v.* ANTHONY BIONDO

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 1-5801

STATE OF CONNECTICUT *v.* LEWIS BOCCUZZI

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 1-5789

STATE OF CONNECTICUT *v.* VINCENT MELI

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 1-5790

STATE OF CONNECTICUT *v.* JOSEPH PANZA

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 1-5798

Argued April 19—decided October 22, 1962

*John G. Heagney,* of Greenwich, for the appellants (defendants).

*Joseph J. Tooher, Jr.,* assistant prosecuting attorney, for the appellee (state).

GEORGE, J.  The defendants were found guilty of reckless driving, in violation of § 14-222 of the General Statutes, in accordance with the provisions of § 13-73.  Among the errors assigned by the defendants is the conclusion by the trial court that upon all the evidence the defendants were guilty of the crime charged beyond a reasonable doubt.

The defendants operated trucks across a railroad bridge located on Byram Road in the town of Greenwich, Connecticut.  The court found that the bridge is posted with a sign reading "Maximum weight over this bridge 10 tons."  The court also found that there was no evidence that the sign at the bridge was legible at the distance of fifty feet.  The gist of a violation of § 13-73 is the "crossing or attempted crossing of any bridge so posted by a vehicle having a gross weight in excess of the stated maximum safe load."  The phrase "so posted" has reference to the preceding sentence of the statute: "[T]he authority having control of . . . [the] bridge shall maintain notice at each end of such bridge legible at a distance of fifty feet, stating the maximum weight of vehicle which such bridge will carry safely."

Section 13-73, when read with § 14-222, entitled "Reckless driving," amounts to a penal statute, for it prohibits an act and imposes a penalty for the

commission of it. Black, Law Dictionary (4th Ed.), "Penal Laws." As a penal statute, it must be strictly construed and limited to cases clearly within the language used. *State* v. *Penner,* 85 Conn. 481, 484; *State* v. *Cots,* 126 Conn. 48, 59.

The court found that there was no evidence that the sign at the bridge was legible at a distance of fifty feet. As the posted notice of the load capacity of the bridge is an essential element of the crime charged, the state failed in its burden of proof. See *Olson* v. *Musselman,* 127 Conn. 228, 233. As stated in *State* v. *Penner,* supra, "[n]o act is a violation of a penal statute, unless it falls within the fair import of its language. Such statutes are not to be extended beyond the fair import of their language. They are always to be strictly construed for the benefit of the citizen." The court erred in finding the defendants guilty because the state failed to prove all of the essential elements of the crime charged. The requirement that the state prove guilt beyond a reasonable doubt means that it must establish all of the essential elements of the crime by proof which is wholly inconsistent with any other rational conclusion. This burden the state has failed to sustain. *State* v. *DeCoster,* 147 Conn. 502, 505.

It is unnecessary to discuss the assignments of error seeking changes in the finding.

There is error, the judgments are set aside and the cases are remanded with direction to render judgment that each of the defendants is not guilty and ordering that he be discharged.

In this opinion KOSICKI and PRUYN, Js., concurred.