THE STATE OF CONNECTICUT *vs.* FRANK ANNICELLI.

Third Judicial District, New Haven, January Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

A person may be convicted under General Statutes, § 2679, of the offense of delivering to another an article of drink containing wood alcohol, even though the accused did not know that the article contained wood alcohol.

Notwithstanding that such knowledge is not an essential of the offense defined in the statute, it is a valid exercise of the police power of the State.

Under the statute, the delivery which is forbidden is a delivery of an article containing wood alcohol by one as owner or agent of the owner, with intent to consummate a transfer of property therein, whether made personally, or merely controlled or superintended, and a mere transfer of possession made without such intent is not sufficient to constitute the offense.

In the present case the charge of the trial court would permit the jury to find the accused guilty if he had done nothing more than assist in the transfer of possession by handling the bottles containing the drink. *Held* that this instruction, while erroneous, was not harmful to the defendant, in view of the facts admitted and claimed by him showing that he made delivery while representing the owner in the transfer of the property.

Submitted on briefs January 21st—decided April 5th, 1921.

INFORMATION for delivering an article of drink containing wood alcohol, brought to the Superior Court in New Haven County and, after a demurrer to the information had been overruled, tried to the jury before *Keeler, J.;* verdict and judgment of guilty, and appeal by the accused. *No error.*

The material part of the statute under which the defendant was convicted is as follows: "Sec. 2679. . . . No person shall sell, exchange, offer for sale or exchange or deliver. or have in his possession with intent to sell, exchange or deliver, any article of food or drink, or any drug, intended for external or internal

use on or within the human body, or any perfume or toilet article containing any wood alcohol known as methyl alcohol."

The following facts were admitted: On December 24th, 1919, the defendant learned from one Luccibelli that he had in his motor-truck for sale some brandy described and labelled as "Three · Star Martell" brandy. Later in the day the defendant heard that one Perrotti was in the market for brandy, and informed Perrotti that Luccibelli had some for sale. The defendant, at Perrotti's request, arranged for the sale of five cases of brandy at $50 a case from Luccibelli to Perrotti, and deposited with Luccibelli in part payment $100 which Perrotti had given him for that purpose. The brandy was to be delivered at Perrotti's store. Perrotti found a customer named Hurley for the brandy before it was delivered, and the defendant, on being furnished with the balance due Luccibelli, took Hurley to Luccibelli's motor-truck, paid the latter in full, and superintended the transfer of sixty bottles into Hurley's possession. The State also claimed, but the defendant denied, that the defendant handled some of the bottles. When analyzed, the so-called brandy was found to contain over thirty per cent of wood alcohol.

In overruling the demurrer to the information and in its charge to the jury, the trial court ruled that the State was not bound to allege or prove that the defendant knew of the presence of wood alcohol in the article delivered. And in excluding testimony offered by the defendant the court held that it was immaterial that the defendant did not know of its presence.

In defining the delivery prohibited by the statute, the court charged the jury as follows: "A fairly satisfactory definition of the word delivery when concerned with personal property is that it signifies the placing

The State *v.* Annicelli.

by one person of some article or articles into the power or possession of another person and thereby making a transfer of possession. It does not necessitate an actual passing from one hand to another. A person controlling or superintending such a transfer need not necessarily handle the article or articles transferred. It is sufficient if he parts with such custody or control of the article or articles as he previously had."

*David J. McCoy* and *Ernest L. Averill,* for the appellant (the accused).

*Arnon A. Alling,* State's Attorney, and *Walter M. Pickett,* Assistant State's Attorney, for the appellee (the State).

BEACH, J. The assignments of error cover three main propositions of law: That the statute, when properly construed, prohibits the sale, exchange or delivery of articles containing wood alcohol only when the presence of wood alcohol is known to the party charged; that unless so construed the statute is unconstitutional; and that the delivery forbidden by the statute is not a mere transfer of possession, but a delivery which consummates the transfer of property in the articles sold or exchanged.

The trial court rightly charged the jury that the fact that the accused may not have known that the article or articles contained wood alcohol did not enter into the case. Nevertheless the statute is a valid exercise of the police power. The State may forbid the sale, exchange or delivery of food and drink adulterated with a specific and particularly dangerous poison; and it may take all measures reasonably necessary to make the prohibition effective. The only reason given for the alleged unconstitutionality of the statute is the

difficulty of discovering the presence of wood alcohol in articles of food and drink. For this reason it is said to be unreasonable and contrary to natural right and justice to require merchants to know, at their peril, that the food and drink which they offer for sale is not adulterated with wood alcohol. This argument is logically and historically unsound. The more difficult it is to ascertain the presence of wood alcohol in food and drink, the more necessary for the protection of the public that those who choose to offer such articles for sale or exchange should assume the responsibility of seeing that it is not present.

Historically, the obligation to answer for the wholesomeness of food sold is one which has been recognized by the common law from early times. Blackstone says (3 Comm. 165): "In contracts for provisions, it is always implied that they are. wholesome; and if they be not, the same remedy may be had"; meaning an action on the case for damages for the deceit. Williston observes that the common law implied warranty of wholesomeness was derived from what Parke, B., in *Burnby* v. *Bollett*, 16 M. & W. 644, calls "an ancient statute," under which he says that victuallers "are also liable to punishment for selling corrupt victuals (certainly if they do so knowingly, and probably if they do not)." See also other authorities collected in the note to Williston on Contracts (Vol. 2) § 995. From that time to this it has been well understood that the sale of injurious, adulterated, or imitation articles of food and drink may be penalized, though the seller act in good faith.

We think the delivery forbidden by the Act is a delivery by the owner or his agent with intent to consummate the transfer of property in the thing sold or exchanged. The essential mischief to be prevented by the Act is the transfer of property in certain articles

containing wood alcohol, and the purposes of the prohibition are satisfied when those who are really responsible for the transfer of property are penalized. It seems unnecessary and unreasonable to hold that a bystander, or a porter, or a carrier, who has nothing to do with the transaction except to move the article from one place to another, should be made responsible for the unwholesomeness of adulterated food or drink, because in moving it from one place to another he incidentally accomplishes a transfer of possession and control from one person to another. The accused need not know that the thing sold or exchanged contains wood alcohol, but he must intend to transfer the property in the thing sold or exchanged. And that intent can only be present, in any culpable sense, in the mind of the owner or of his agent authorized to transfer the property for him.

On his own statement of claim the accused was Perrotti's agent. Luccibelli had agreed to deliver the brandy at Perrotti's store. In the absence of evidence of a contrary intent, the property remained in Luccibelli until so delivered. Hurley bargained with Perrotti before such delivery, and it is apparent that the transfer of the property from Luccibelli to Perrotti and from Perrotti to Hurley, could not have been accomplished at the time and place except for the active intervention of the accused as Perrotti's agent. It is immaterial whether the accused be regarded as Perrotti's agent to take delivery from Luccibelli and make delivery to Hurley, or as Perrotti's agent to authorize Luccibelli to deliver to Hurley instead of to Perrotti. The accused either delivered the brandy, or he caused it to be delivered with intent to consummate the sale from Perrotti to Hurley; and it is immaterial whether he assisted in the removal of the bottles from one place to another.

The charge of the trial court would permit the jury to find the accused guilty if he had done nothing more than assist in the transfer of possession by handling the bottles. This was erroneous. But the error was not harmful to the accused, because, as already stated, he admitted, and indeed claimed, facts from which it follows as a conclusion of law that he delivered the brandy in the narrower and more culpable sense of representing the owner in the transfer of the property. The jury were correctly charged that a person controlling or superintending such a transfer need not necessarily himself handle the article or articles transferred.

There is no error.

In this opinion the other judges concurred.