## STATE
vs.
## JULIO PASQUALONI

Court of Common Pleas, Criminal Side    New Haven County

Present:   Hon. WALTER M. PICKETT, Judge.

L. H. Stapleton                          Acting Prosecutor.

Edward Reynolds,
R. Devlin,
H. L. Emanuelson,
A. Gorman,                          Attorneys for the Defendant.

## MEMORANDUM FILED FEBRUARY, 1936.

PICKETT, J.  The information is based on **Public Acts 1935, Chapter 151, Sec. 1074C, Cum. Supp.,** and alleges, in

substance, that defendant violated the provisions of said Section, in that at the Town of Hamden, on Sunday, before 12 o'clock noon, there was "present in glasses or other receptacles suitable to permit the consumption of liquor by an individual, certain alcoholic liquor, to wit: beer" in premises licensed as a restaurant and operated by the defendant.

A bill of particulars filed with the information sets forth that the beer in question was legally sold prior to midnight Saturday night, but found in the glasses about 1 a.m.

It is further agreed that, under local option, the Town of Hamden had voted to allow the sale of liquor with meals on Sundays between 12:00 noon and 9 o'clock at night.

Both the demurrer and the motion to dismiss are upon the claim that the facts alleged do not constitute a crime under §1074C.

There is also involved the further question whether under §1074C the defendant permittee is amenable to punishment.

The Section relied upon is found in the Liquor Control Act as amended in 1935. It appears under **Article VI of Chapter 151**, which Article is entitled **"Penalties and Procedure,"** Section **1074C** is itself entitled **"Hours and days of Closing,"** and the particular portion of the Act relied upon in the information reads as follows:

"The sale or consumption, or the presence in glasses or other receptacles suitable to permit the consumption of liquor by an individual, of alcoholic liquor in places operating under hotel permits, restaurant permits and club permits shall be unlawful on the day of any state or municipal election, and on Sunday, Good Friday or Christmas, except that any town may, by vote at a town meeting or by ordinance, allow the sale of alcoholic liquor on Sunday between the hours of twelve o'clock noon, and nine o'clock in the evening in hotels, restaurants and clubs, with meals; and said sale shall be unlawful on any other day before nine o'clock in the morning and after twelve o'clock, midnight."

Further parts of the Section forbid the sale of liquor by package stores on stated days, or except in certain hours, and as to taverns forbid the sale on like days or before or after

stated hours, and make it unlawful to keep a tavern open or permit it to be occupied by the public on the prohibited days or during the prohibited hours.

No specific penalty is included in the Section and there is no explicit statement as to who may be prosecuted and punished for a violation of its terms.

To determine who, if any one, is amenable to punishment under this Section it is necessary to resort to construction of the Section itself and discover whether within its four corners read in the light of the whole Act, a reasonably clear legislative intendment can be found.

Before attempting to construe the Act, it is well to restate certain well known rules which must guide the Court.

In **State vs. Parker, 112 Conn., 39, 46** it is stated:

"Being a penal statute, it must be strictly construed that it cannot be enlarged by construction to cover a case not within its literal terms' or 'for the purpose of more effectually suppressing the mischief at which it is directed,' **State vs. Levy, 103 Conn., 138, 141.** 'No act is a violation of a penal statute, unless it falls within the fair import of its language. Such statutes are not to extend beyond the fair import of their language. They are always to be strictly construed for the benefit of the citizen. Nothing more is to be deduced from the words than they expressly warrant, and they are not to be extended by implication. In the construction of such a statute, the question is not what the legislature actually meant to say, but what is the meaning of what it did say.' **State vs. Penner, 85 Conn., 481, 484.**"

On the other hand is the salutary rule reiterated in **State vs. Faro, 118 Conn., 267, 273:**

"Courts do not approach the construction of a penal statute creating a new offense against the state with the hostile purpose of crippling a legislative intent plainly expressed."

"The principle that a penal statute should receive a strict construction, and that no act should be held within it which does not fall within its spirit and the fair import of its language, cannot be questioned. . . . . The

purpose of the rule of strict construction is not to enable a person to avoid the clear import of a law through some mere technicality, but to enable the people of the state to know clearly and precisely what acts the legis-lature has forbidden under a penalty, that they may govern their conduct accordingly, and to make sure that no act which the legislature did not intend to include will be held by the courts within the penalty of the law. . . . . To enforce the rule beyond its purpose would be to exalt technicalities above substance."

In **State vs. Faro, supra, at page 272,** the Court quotes, with approval, the doctrine previously laid down:

"The title of an Act cannot enlarge or confer power, but in the construction of Statutes which are doubtful or ambiguous in meaning the title may aid in showing the legislative intent."

With these general principles in mind, let the Section itself be examined in the light of the whole Liquor Control Act.

The title of **Section 1074C** is **"Hours and Days of Closing,"** and thus simply and comprehensively reveals the general legislative purpose in enacting it.

Three general classes of permits are dealt with in the Section, first, hotels, restaurants and clubs, i.e., places in which meals as well as liquor are served; second, package stores; third, taverns, i.e., places in which only beer may be served with or without food.

As to both package stores and taverns, they are required to close at stated hours and to remain closed to the public on stated days.

As to hotels, restaurants and clubs the legislature obvi-ously recognized that it was essential that they be open for the service of food, but intended that the liquor department should be closed between certain hours and on election days, Sundays, Good Friday and Christmas, except as local option might permit the sale of liquor with meals between certain hours on Sunday.

Construed as a Section, fixing the "Hours and Days of Closing," the legislative intent to prohibit the sale of liquor during the stated days and hours, is clear: "The sale" on

the stated days or except within the stated hours "shall be unlawful."

Any such unlawful sale is clearly made punishable by either Section 1081C or §1087C, and the penalty is provided in §1083C.

The Section goes further, however, and declares:

"The sale or consumption, or presence in glasses, etc. . . . . shall be unlawful" on stated days.

Clearly, the Legislature made three different Acts substantive offenses: first, the sale; second, consumption; third, presence in glasses, etc.

The Section fails to specifically state, however, whether it is the person who consumes who shall be punished; or the person in whose place the consumption occurs; the patron who has the glass of liquor before him on the table; or the proprietor who owns the glass and table.

In §1073C dealing with "Loitering," the Act is specific. It reads:

"Every permittee who, by himself, his servant or agent, shall permit (classified persons) to loiter, etc., shall be subject to the penalties of Section 1083c."

Substantially similar language is used in Sections 1065C, 1071C, 1077C and 1079C.

Other Sections such as 1070C, 1072C, 1075C, 1078C, and 1080C are explicit that "Any person" or "Every person" or a definitely designated person, who does what the respective Sections forbid, shall be punished.

The departure from clarity and explicitness occurring in §1074C becomes the basis of defendant's claim that because of vagueness and uncertainty the Sections fails as a criminal statute so far as it relates to "consumption" or presence in glasses.

The forerunner of §1074C and §730 of Chapter 151, Public Acts, Cum. Supp. 1933. That Section was also entitled "Hours and Days of Closing," and provided simply:

"The sale of alcoholic liquors in places operating under hotel permits, restaurant permits, tavern permits and

club permits, shall be unlawful," on stated days and except during certain hours."

That Act only allowed hotel, restaurant and club permittees to serve beer and wine and forbade the consumption of spirits in any public room.

The Act of 1935 legalized the sale of spirits by such permittees and made the consumption of alcoholic liquor or its presence in glasses at certain times, substantive offenses.

Seemingly, while allowing the service of spirits, the legislature gave heed to their greater intoxicating effect and intended to limit the hours of consumption so far as they relate to election days and the enumerated secular holidays, so that consumption in licensed establishments must terminate at the hour of midnight preceding such days for closing. Were this not so, and had the only purpose been to aid in the enforcement of the no sale provisions, it would have been logical to make the consumption or presence in glasses after closing hours presumptive evidence of unlawful sale, rather than substantive offenses.

This interpretation finds support in the final phrases of §1074C, which require taverns to close at midnight and make it unlawful to permit them to be occupied by the public. Manifestly the tavern patron may not remain after midnight to consume liquor purchased before that hour.

It must be admitted that there is an apparent anomaly in provisions which require the tavern which can only sell beer to close and exclude its patrons at midnight, while hotels and restaurants permitted to sell all sorts of liquors may on all but election days, Sundays, Good Friday and Christmas, permit patrons to remain and consume whatever they purchased before midnight. This, however, is a matter within the legislative province and the Court must assume is predicated upon some wisdom or policy apparent to the Legislature.

Clearly §1074C makes unlawful the consumption or presence in glasses of alcoholic liquors in places operating under hotel, restaurant or club permits on the day of an election, on Sundays, Good Friday and Christmas. It therefore follows that the consumption of liquor or its presence in glasses after midnight on Saturday is unlawful, except between 12 noon and 9 o'clock at night, with meals, on Sunday, where

local option has so voted.

The whole spirit of the Liquor Control Act is to make the permittee responsible for any violation of its terms. The entire structure of the Act is regulatory of the liquor business and designed to control those engaged in it.

The Court is constrained to accept the view implied by the Supreme Court of Errors in **State vs. Faro, 118 Conn., 267,** where the Court restates the general rule as to strict construction of penal Statutes, but finds from a reading of the whole Liquor Control Act and implicit in its language a legislative intent unfortunately not categorically stated but manifest in its general scheme.

Argument is made that since it is lawful to sell liquor in licensed places just before midnight on Saturday it is unreasonable and absurd to say that what was legally purchased and sold may not be consumed immediately after midnight. The short and sufficient answer is that the Legislature has made the consumption of liquor or its presence in glasses after midnight on those days unlawful and, therefore, the patron who buys before midnight Saturday, intending to consume after midnight, contemplates an unlawful act and has no standing to complain.

It is urged and it is probably true that a burden is placed on the permittee who may find substantial difficulty in collecting the receptacles containing liquor and PREVENTING CONSUMPTION AFTER MIDNIGHT. That argument is more properly addressed to the Legislature. It bears only upon the legislative policy and not on the question of construction.

It is urged upon the Court that no burden should be put upon the permittee unless it is shown that he knowingly permitted the consumption or presence of liquor in glasses after midnight on the days for closing. If it be so that to impose such a burden is onerous, it is nevertheless within the legislative power and is a question related to legislative wisdom and policy, a field which the Court may not properly enter.

**State vs. Annicelli, 96 Conn., 102.**

The Court rules categorically:

1. The sale of liquor during prohibited hours and on

prohibited days is unlawful and punishable under **Sections 1081C, 1087C and 1083C.**

2. The consumption or presence in glass, etc., of alcoholic liquors in hotels, restaurants, clubs and taverns operating under permit, on the day of a State or municipal election, on Sunday, Good Friday or Christmas, is unlawful, except as allowed with meals on Sunday between 12 noon and 9 o'clock at night, under local option, and that, therefore, the consumption or presence in glasses, etc., after midnight of liquor purchased before midnight, is an offense for which the permittee, his servants and agents may be prosecuted and punished under **§1083C** of the Liquor Control Act.

The motion to dismiss is denied and the demurrer overruled.