In re Petition of the Grievance Committee of the Bar of New Haven County *v.* Ruth E. Payne.

Maltbie, C. J., Avery, Brown, Jennings and Ells, Js.

Argued October 8—decided November 7, 1941.

*George A. Clark,* for the appellant (defendant).

*Joseph B. Morse,* for the appellee (plaintiff).

Jennings, J. The question to be decided is whether the preparation and delivery of certificates of title by the defendant, town clerk of Meriden and not an attorney at law, constituted the practice of law within the meaning of General Statutes, Cum. Sup. 1939, § 1381e. This statute and the pertinent part of Gen-

eral Statutes, Cum. Sup. 1939, § 1231e, relied on by the defendant, are printed below.[1]

The facts found are not in dispute. The defendant has not been admitted to the practice of law. She has been town clerk of Meriden for eighteen years. For at least ten years she has searched records, including land, probate and tax assessors' records as well as abstracts made by a former town clerk and has issued certificates of title of Meriden real estate to

---

[1] Sec. 1381e. Practice of law by persons not attorneys. No person who has not been admitted as an attorney under the provisions of section 1627c shall *practice law* or appear as an attorney at law or as attorney and counselor at law for another, in any court of record in this state, or make it a business to practice law, or appear as an attorney and counselor at law for another in any such court, or make it a business to solicit employment for a lawyer, or hold himself out to the public as being entitled to practice law, or assume to be an attorney or counselor at law, or assume, use or advertise the title of lawyer, or attorney and counselor . at law, or attorney at law, or counselor at law, or attorney or counselor or attorney and counselor or equivalent terms, in such manner as to convey the impression that he is a legal practitioner of law or in any manner advertise that he, either alone or together with any other person or persons, owns, conducts or maintains a law office, or office or place of business of any kind for the practice of law. Any person who shall violate any provision of this section shall be fined not more than two hundred and fifty dollars or imprisoned not more than two months or both. *Any person who shall violate any provision of this section shall be deemed in contempt of court, and the superior court shall have jurisdiction in equity upon the petition of any member of the bar of this state in good standing or upon its own motion to restrain such violation.*

Sec. 1231e. Appraisal. Liability of directors. Any savings bank or building and loan association, before making a loan to be secured by a mortgage upon real estate, shall cause such real estate to be appraised by two or more suitable persons, familiar with real estate values in the community where such real estate shall be located, one of whom shall be a trustee or director of the savings bank or association making the loan. Such appraisal shall express upon its face the amount at which such property shall have been appraised, and, with a certificate of title issued by some person approved by such savings bank or association or a title insurance policy, shall be lodged with and kept by such savings bank or association.

banks and attorneys. She issued at least two hundred such certificates in 1940.

The defendant's system in preparing such certificates for the savings banks and loan associations was to make a preliminary search of the records and, from the information thus obtained, to compile and deliver to her employers a preliminary memorandum containing the name of the owner of the property involved, the dimensions and boundaries thereof and a list of the incumbrances thereon. From this search she formed an opinion as to the state of the title. Her employers then arranged to remove the incumbrances listed, caused a first mortgage deed to be executed to themselves by the owner and secured from the defendant a formal certificate of title for the purpose of showing that the mortgagor's title was valid and that their mortgage was a first mortgage. For this service the defendant charged and received from two to five dollars in each case. When acting for a savings bank or building and loan association, she was a person approved by it under the provisions of General Statutes, Cum. Sup. 1939, § 1231e, previously quoted.

The following is a fair sample of the certificates issued by the defendant:

Certificate of Title

Meriden, Conn., Feb. 19, 1940,<br>10.46 a.m.

After an examination of the Land Records of the Town of Meriden, as indexed, I am of the opinion that by successive conveyances running back to March 11, 1853,

Rose L. Bingham

is the owner of a certain piece or parcel of land, with all the improvements thereon, situated in said Town and known as No. — Street and bounded and described as follows, to wit:

*  *  *

And I hereby certify to my best knowledge and belief, that the same is free from all encumbrances except building lines if established, zoning restrictions and a mortgage to the First Federal

S. & L. Assn. for $4000., recorded in Vol. 251 page 271, and deed restrictions as to size and type of dwelling, resale and signs.

This examination of title is made, and this certificates delivered with the distinct understanding that the maker of this certificate shall not be liable for any mistake or omission regarding the state or condition of the title of said premises, beyond the amount paid for such examination and this certificate, to wit: $5.00.

Ruth E. Payne.

No claim was made that the defendant was disqualified from rendering these services by reason of lack of experience or intellectual ability.

The trial court concluded that the conduct of the defendant in preparing and issuing this type of certificate, including, as it did, her opinion as to the validity of the title, constituted an invasion of the field of law and amounted to the practice of law within the meaning of the statute. She was enjoined, under a penalty of $1000, "from rendering any oral or written opinions as to the validity or invalidity of titles to real estate, or from otherwise practicing law."

The defendant groups her assignments of error under the following three heads: (1) the statute is in effect penal, must be strictly construed and so construed the acts of the defendant above described do not constitute the practice of law; (2) the two statutes quoted must be read together and the requirement of the latter that certain banks procure a "certificate of title issued by some person approved by such . . . bank" indicates that there was no intention to restrict the "person" to attorneys; (3) there was error in a ruling on evidence.

The treatment of the first question by the parties permits a narrowing of the issue. The plaintiff claims and the defendant does not deny that the issuance of formal written certificates of title containing the opinion of the writer concerning their validity constitutes the practice of law as that term is ordinarily

used. The defendant claims and the plaintiff does not deny that the statute is penal in effect and should be strictly construed. The first claim of the defendant as stated in her brief is that, applying the rule of strict construction, "the act of issuing certificates of title does not constitute the practice of law within the meaning or intendment of any of the general provisions of General Statutes, Cum. Sup. 1939, § 1381e, standing alone and unqualified by any other statutory provision." As explained in oral argument, the contention is that a bare injunction not to "practice law" is too general to support the judgment in this case.

Attempts to define the practice of law have not been particularly successful. The reason for this is the broad field covered. The more practical approach is to consider each state of facts and determine whether it falls within the fair intendment of the term. *Detroit Bar Ass'n* v. *Union Guardian Trust Co.*, 282 Mich. 216, 220, 276 N. W. 365; 41 Yale L. J. 69, 74.

We may well take judicial notice of the fact that the law of real property constitutes one of the largest and most important subjects in the whole realm of law. The examination of titles and the determination of their validity is highly technical and often demands the entire time and study of a specialist. An error committed may result in great financial loss. The defendant did not furnish a certificate of title as a favor to a friend. She furnished them to banks and attorneys, over a period of ten years, for a consideration and in large numbers.

The rule of strict construction requires that no act of the defendant shall be held to violate the prohibition of this statute "unless it falls within the fair import of its language." *State* v. *Penner*, 85 Conn. 481, 484, 83 Atl. 625. The purpose of the rule is not to enable the guilty to escape punishment through a

technicality, but to provide a precise definition of forbidden acts. *State* v. *Faro,* 118 Conn. 267, 274, 171 Atl. 660. The intention of the legislature is the goal to be sought. *Rawson* v. *State,* 19 Conn. 292, 299. This is to be ascertained from the language used. *Lee Bros. Furniture Co.* v. *Cram,* 63 Conn. 433, 438, 28 Atl. 540. The essential purposes of the act are an important aid to interpretation. *Conners* v. *New Haven,* 101 Conn. 191, 198, 125 Atl. 375.

It is unnecessary to analyze the statute in great detail. Prior to 1933 the prohibition of the statute was primarily directed against the appearance in court by persons not admitted to the bar. General Statutes, §§ 5343, 5345. In that year both of these sections were broadened by the addition of the provision that unauthorized persons should not "practice law." General Statutes, Cum. Sup. 1931, 1933, §§ 1128b, 1129b. There can have been but one purpose in adding these important words. That was to forbid the performance of any acts by persons not admitted as attorneys, in or out of court, commonly understood to be the practice of law. While there is a borderline field as to which opinions might differ and have differed (41 Yale L. J. 95), the acts and conduct of the defendant are not in that class. The question has not been considered by this court but the authorities generally are to the effect that the giving of certificates as to the validity of land titles, carried on as a regular business, is the practice of law and no case to the contrary has been cited or found. *Boykin* v. *Hopkins,* 174 Ga. 511, 519, 162 S. E. 796; *Land Title Abstract & Trust Co.* v. *Dworken,* 129 Ohio St. 23, 27, 193 N. E. 650; and see, for a general review of the authorities, *People* v. *Peoples Stock Yards Bank,* 344 Ill. 462, 176 N. E. 901; *Grand Rapids Bar Ass'n* v. *Denkema,* 290 Mich. 56, 287 N. W. 377. A very

similar statute in New York has been held sufficiently specific to support a conviction. *People* v. *Alfani*, 227 N. Y. 334 (statute quoted p. 341), 125 N. E. 671.

It is to be noted, as stated above, that the certificates issued by the plaintiff included her opinion as to the validity of the title. The distinction between such a certificate and an abstract which merely recites what the land records disclose "without giving opinion or advice as to the legal effect of what is found" is pointed out in *Opinion of the Justices*, 289 Mass. 607, 615, 194 N. E. 313, 318. This case also, at page 614, well states the importance to the public welfare of confining the practice of law to "persons possessed of adequate learning and skill, of sound moral character, and acting at all times under the heavy trust obligation to clients which rests upon all attorneys."

The defendant relies almost entirely on *State* v. *Faatz*, 83 Conn. 300, 76 Atl. 295. Neither the facts nor the allegations of the information brought the acts of the defendant in that case within the terms of the statute involved and it is not controlling.

The defendant claims, however, that the legislature has excepted her conduct from the operation of § 1381e by the passage of § 1231e, both quoted above. The latter statute is remedial in character and should be liberally construed to accomplish its purpose. *Bradley* v. *Fenn*, 103 Conn. 1, 4, 130 Atl. 126; *People's Holding Co.* v. *Bray*, 118 Conn. 568, 571, 173 Atl. 233. The purpose is obviously to protect the depositors in savings banks and building and loan associations from improvident loans. Among the numerous safeguards set up by the statute is the requirement that "a certificate of title issued by some person approved by such savings bank or association or a title insurance policy, shall be lodged with" the bank. Unless the certificate is issued by a qualified person, no protection to the depositors

will result. The alternative deposit of a title insurance policy accentuates the purpose of the statute. A certificate issued by a town clerk, not otherwise qualified than by his election to office, would afford no protection. It is clear that the legislature intended that the person approved should be qualified in some way to issue the certificate. For the reasons given in discussing the first point, the only person qualified would be an attorney at law.

The conclusion of the trial court that the defendant practiced law within the meaning and intendment of the statute was not only reasonable but the only possible result.

The only objection to evidence pursued in the brief was based on the exclusion of the testimony of a witness for the defendant to the effect that it had been the custom of many town clerks for a period of some forty-six years to issue such certificates. The existence of such a custom at a time when no statute was in effect which might be construed to forbid it is not relevant to determine the meaning of a law subsequently enacted.

There is no error.

In this opinion the other judges concurred.