[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Statewide Grievance Committee has brought a petition before his court seeking to restrain the defendant, Gerald B. Patton, from engaging in the unauthorized practice of law.
Mr. Patton, who is not an attorney, has a real estate office CT Page 11243 in the City of Milford. It is from this office that he conducts a franchise known as "Docu-Pro" a.k.a. "Docu-Prep". Advertisements in the local press describe this business as "The non-lawyer legal document center, helping people who can't afford the high cost of routine legal document preparation." The customer would come to his real estate office and indicate to him the nature of the instrument they were interested in having prepared, such as a will, dissolution of marriage, real estate contract, a deed, a bankruptcy petition or incorporation papers. The customer, after the payment of a fee, is given a questionnaire to fill out. They would take the questionnaire home and complete the same. Upon their return, he would fax the questionnaire to the Office of Docu-Prep of New England located in Taunton, Massachusetts. Sometime later Docu-Prep would return to him the completed legal document which he would turn over to the customer. On occasion such as the execution of a will, he would assist them in that regard.
Mr. Patton claims that, since he has no input into the questionnaire, he is not practicing law.
Section 51-88 of the Connecticut General Statutes reads in pertinent part as follows:
 (a) A person who has not been admitted as an attorney under the provisions of Sec. 51-80 should not: (1) Practice law or appear as an attorney at law for another in any such court, (2) make it a business to practice law, or appear as an attorney-at-law for another in any such court. . . .
Section 51-80 of the Connecticut General Statutes reads as follows:
 The Superior Court may admit and cause to be sworn as attorneys such persons as are qualified therefor in accordance with the rules established by the judges of the Superior Court. The judges of the Superior Court may establish rules relative to the admission, qualifications, practice and removal of attorneys.
To that end, the judges of the Superior Court have established various rules for the admission of attorneys to the bar of the State of Connecticut. CT Page 11244
Section 9 of the Connecticut Practice Book states that:
 No person shall be admitted as an attorney except as herein provided.
Section 13 of these same rules requires the Bar Examining Committee to:
 Provide for the examination of candidates for admission to the Bar to determine whether such candidates are qualified as to prelaw education, legal education, morals and fitness, and to recommend to the court for admission to the bar qualified candidates.
Section 19 sets forth the various qualifications for admission to the bar. These qualifications relate to the applicants' moral fitness, his pre-legal and legal education and the need to successfully complete an examination in the law. One can see from this that in order to become a member of the bar, he or she must have travelled successfully a long and arduous road as well as displaying not only to the Bar Examining Committee, but to the community as a whole that they are qualified to render legal advice and prepare those instruments that bring order to the relationship of individuals in the daily affairs of life, be it the preparation of a will or the dissolution of a marriage.
Sec. 31(c) of the Connecticut Practice Book authorizes:
 A petition to restrain any person from engaging in the unauthorized practice of law not occurring in the actual presence of the court may be made by written complaint to the Superior Court in the judicial district where such violation occurs . . . and upon such hearing shall make such lawful orders as it may deem just.
Section 29 grants to the court the necessary authority to restrain or punish the unauthorized practice of law as follows:
 The Superior Court may, for just cause, suspend or disbar attorneys and may for just cause punish or restrain any person engaged in the unauthorized practice of law. (Emphasis added.)
The respondent, Gerald Patton, by his own testimony, admits that he is not an attorney admitted to the practice of law CT Page 11245 pursuant to the rules adopted by the judges of the Superior Court. It remains therefore for this court to determine whether Mr. Patton's activities constitute the unauthorized practice of law and, if so, to take whatever steps are necessary to restrain him from doing so.
Attempts to define the practice of law have not been particularly successful. The reason for this is the broad field covered. The more practiced approach is to consider each state of facts and determine whether it falls within the fair intendment of the term." Grievance Committee of the Bar of New Haven Countyv. Payne, 128 Conn. 325, 329; Detroit Bar Ass'n. v. UnionGuardian Trust Co., 282 Mich. 216, 220, 276 N.W. 365; 41 Yale L.J. 69, 74.
 The practice of law consists in no small part of work performed outside of any court and having no immediate relation to proceedings in court. It embraces the giving of legal advice on a large variety of subjects and the preparation of legal instruments covering an extensive field. Although such transactions may have no direct connections with court proceedings they are always subject to subsequent involvement in litigation. They require in many aspects a high degree of legal skill and great capacity for adaption to difficult and complex situations. No valid distinction can be drawn between the part of the work of the lawyer which involves appearance in court and the part which involves advice and the drafting of instruments. The work of the office lawyer has profound effect on the whole scheme of the administration of justice. It is performed with the possibility of litigation in mind, and otherwise would hardly be needed. It is of importance to the welfare of the public that these manifold customary functions be performed by persons possessed of adequate learning and skill and of sound moral character, acting at all times under the heavy trust obligation to clients which rests upon all attorneys.
State Bar. Assn. v. Connecticut Bank Trust Co., 145 Conn. 222,235.
In the present matter, people came to Patton with the idea that he would create for them the legal instrument that they desired whether it be the creation of a corporation or the CT Page 11246 creation of a will. In his advertisements, he holds his office out to be "The non-lawyer legal document center." The phrase is used, "Helping people who can't afford the high cost of routine legal document preparation." He has held himself out to the public as the person who would create for them at a low cost whatever legal document they desired. While he specifically states that he is not a lawyer, nevertheless, he holds himself out to be the person who will in fact create for them the document they desire and that he describes in his advertisements as a legal document. The testimony of the Grievance Committee experts raised serious questions about the completeness of the various instruments. While they may in some instances be sufficient, it is apparent from the testimony elicited that there may be a greater exposure for future litigation, litigation that might very well be avoided were they to be prepared by attorneys. Mr. Patton may argue that he has given no advice and did not prepare the instrument involved, but he cannot avoid the fact that only through his actions has the instrument come into being, the very instrument that he has advertised and promised to create: "a legal document at low cost." While Mr. Patton holds himself out to be a non-lawyer, that does not mean that his conduct does not constitute the unauthorized practice of law. In this case, he is the catalyst that is responsible for the creation of these various instruments and is therefore engaged in the unauthorized practice of law.
In his brief, the respondent argues that if § 51-88
applies to the activities of Mr. Patton then the statute is unconstitutional and void for vagueness. The court does not agree with this conclusion. While it is true that a statute such as § 51-88 must be sufficiently precise that a person charged under it knows whether or not his conduct did or did not fall within the laws prohibition. The statute as herein defined is sufficiently clear so as to alert the respondent that his conduct is prohibited under its terms.
The court elsewhere in this opinion has found that the terms of § 51-88 are sufficiently clear for the defendant to know that his conduct as testified to herein constitutes the unauthorized practice of law. The statute is not vague. It clearly prohibits the unauthorized practice of law. The statute does not, as described by the respondent, have the capacity for chilling constitutionally protected free speech.
The Supreme Court has stated that: CT Page 11247
 Prior to 1933 the prohibition of the statute was primarily directed against the appearance in court by persons not admitted to the bar. General Statutes, §§ 5343, 5345. In that year both of these sections were broadened by the addition of the provision that unauthorized persons should not `practice law'. General Statutes, Conn. Sup. 1931, 1933, §§ 1128b, 1129b. There can have been but one purpose in adding these important words. That was to forbid the performance of any acts by persons not admitted as attorneys, in or out of court, commonly understood to be the practice of law.
Grievance Committee v. Payne, supra at 330.
The Connecticut Supreme Court reaffirmed their opinion inState Bar Assoc. v Conn. Bank and Trust Co., supra at 233, 234.
Each state of facts is to be considered as to "whether it falls within the fair intendment of the term `practice of law'". Payne at 329. Citing with approval Detroit Bar Association v.Union Guardian Trust Co., 242 Mich. 215, 220, 276 N.W. 365, 41 Yale L.J. 69, 74.
The factual pattern as elicited by the evidence produced in this case clearly indicates that the conduct of the defendant is in violation of § 51-88 of the Connecticut General Statutes and § 31C of the Connecticut Rules of Procedure as adopted by the Judges of the Superior Court.
The respondent is hereby enjoined and restrained from carrying out any further acts as described herein, and constituting the unauthorized practice of law.