[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to restrain defendants Robert C. Goldstein, Roy M. Duff, Robert P. Young and Kathleen Strevel d/b/a We the People of Connecticut from engaging in the unauthorized practice of law, brought pursuant to Practice Book § 31(c). The original petition dated February 20, 1996 was amended by Petition to Amend dated May 2, 1996 and filed on May 29, 1996 after CT Page 7088 Creative Quality Enterprises was cited in as an additional party defendant.
Trial was held before this court on June 5, and 6, 1996 and continued thereafter, until post trial stipulations and briefs were filed, to August 30, 1996. Before trial commenced, Petitioner withdrew its claim as against Respondents Young and Strevel.
Numbered Stipulations 5 through 48 of the Stipulation of Facts dated August 29, 1996 are hereby adopted as a factual basis for this decision, which stipulations may be summarized as follows:
We the People is a document preparation company located in East Hartford, offering document preparation for wills, bankruptcy, dissolution of marriage, etc., advertising its services in the Yellow Pages and local newspapers. Respondents are not members of any Bar and its brochure contains the following statement "We the People employees are not attorneys, nor are we an alternative to the advice of an attorney. We are an alternative when the need is not complicated and an attorney's advice is not needed." When a customer selects a document, he is requested to sign a purchase agreement and pay a fee and given a questionnaire to complete, which is accompanied by brief directions and an explanation of the legal document. If the customer has any questions regarding questions on the questionnaire, he is referred to various reference books in the office. If these materials are not sufficient, he may be advised to consult with an attorney and sometimes supplied with the names of certain attorneys. The information on the questionnaire is entered into a computer which generates a completed legal document or is typed directly on an original document. The customer is given the document to review and all revisions made by the Respondents. Customers are provided written instructions advising them what to do with the completed documents. Among the documents prepared has been several pro se dissolution of marriage documents containing a separation agreement which has been criticized by a Judge which referred the documents to the Grievance Committee because he believed the Respondent was practicing law.
Since this case was heard, our Supreme Court has upheld the constitutionality of General Statutes § 51-88, which prohibits the unauthorized practice of law. Statewide Grievance
CT Page 7089Committee v. Patton, 239 Conn. 251 (1996). That decision as well as the decision in Statewide Grievance Committee v. Harris,239 Conn. 256 (1996) upheld the trial court determinations of unauthorized practices of law on facts markedly similar to those in this case. It is almost rhetorical to reaffirm the principle that the preparation and selection of legal documents constitutes the practice of law. Statewide Grievance Committee v. Patton,supra; Grievance Committee v. Dacey, 154 Conn. 129, 140 (1966). Advertising such services by non-attorneys and soliciting personal information in order to select or prepare legal documents fall under the same prohibition.
The court, having heard the parties, finds that the Petitioner has sustained its burden of proof and that the Respondents have engaged in the unauthorized practice of law in violation of Connecticut General Statutes § 51-88 (a) and enters the following orders:
IT IS ORDERED, that Respondent Creative Quality Enterprises, Inc., d/b/a, We The People of Connecticut, and Respondents Goldstein and Duff are hereby restrained from engaging in conduct constituting the practice of law, including but not limited to the following:
1. Advertising or offering to complete and completing blank legal documents in areas commonly understood to be the practice of law including, but not limited to wills, bankruptcy, dissolution of marriage, real estate, bills of sale, promissory notes, business organization, copyright, trademark and/or patent;
2. Selecting legal forms and advertising or offering selected legal forms in areas commonly understood to be the practice of law, including but not limited to wills, bankruptcy, dissolution of marriage, real estate, bills of sale, promissory notes, business organization, copyright, trademark and/or patent;
3. Soliciting information from customers either orally or through the use of written questionnaires and using that information to select, prepare or complete legal documents; and
4. Providing written and/or oral instructions to customers advising them what to do with their legal documents.
Dated: December 26, 1996
CT Page 7090
Jerry Wagner Trial Judge Referee