[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (#120 121)
On June 4, 1999, the plaintiff, Suffield Development Associates Limited Partnership (Suffield), filed a four count complaint against the defendants, National Loan Investors Limited Partnership (NLI), Berman and Sable and James W. Oliver (collectively the defendants). The complaint arises out of a dispute regarding a stipulated judgment entered into by Suffield and NLI in a prior case in which Berman and Sable and Oliver (BSO) represented NLI. Suffield stipulated to a judgment in favor of NLI and subsequently, BSO sought to enforce that judgment on behalf of NLI. Suffield claims such enforcement is not allowed or is otherwise improper. The complaint alleges: abuse of process (count one); fraud (count two); tortious interference with contractual relations (count three) and violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., (count four).
On July 2, 1999, BSO filed a motion to strike counts one, two, three and four of the plaintiffs complaint as well as its prayer for relief. On October 6, 1999, NLI also filed a motion to strike counts one through four. On February 4, 2000, this court granted the defendants' motions to strike counts one through four of Suffield's complaint.
On February 22, 2000, Suffield filed an amended complaint in which it did not replead abuse of process (count one) or fraud (count two). Suffield repleaded only tortious interference with contractual relations (count three) and a CUTPA violation (count four). On March 3, 2000, BSO filed a motion to strike the third and fourth counts of the amended complaint as well as the prayer for relief. On March 9, 2000, NLI also filed a motion to strike the third and fourth counts of the amended complaint and the prayer for relief.
"The purpose of a motion to strike is to contest. . . the legal CT Page 8946 sufficiency of the allegations of any complaint...to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems, Inc. v. BOC Group. Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). "Where the legal grounds for. . . a motion [to strike] are dependent upon underlying facts not alleged in the plaintiffs pleadings...the motion should be denied." Liljedahl Bros., Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
BSO moves to strike count three on the grounds that it fails to allege any new facts different from those contained in the original complaint, it fails to allege any independent tortious conduct committed by some measure beyond the fact of the inference itself it fails to allege an actual loss and it fails to allege facts giving rise to a contractual relationship between itself and a third party that was allegedly interfered with by BSO. NLI moves to strike count three on the grounds that no facts are alleged to support that the execution upon moneys of Suffield interfered with any of its business relationships and because an alleged relationship between Suffield and third parties cannot affect, negate or nullify the defendant's statutory right to execution upon a judgment. Suffield avers that count three of the amended complaint alleges fraud, misrepresentation, intimidation, molestation and maliciousness by the defendants and, thus, the defendants' conduct is wrongful beyond the fact of the interference itself. Suffield also asserts that it has sufficiently alleged an actual loss in paragraph eighteen of the amended complaint.[1]
"Connecticut has long recognized a cause of action for tortious interference with business relations. . . . The necessary elements of a cause of action in tortious interference with business relations are the existence of a business relationship, an intentional and improper interference with that relationship and a resulting loss of benefits of the relationship.... A plaintiff states an actionable cause [for tortious interference with a contract] by alleging that the defendant intentionally interfered with a business or contractual relationship of the plaintiff and that the plaintiff, as a result, has suffered an actual loss." (Citations omitted; internal quotation marks omitted.) Holler v.Buckley Broadcasting Corp., 47 Conn. App. 764, 768-69, 706 A.2d 1379
(1998). "It is an essential element of the tort of unlawful interference with business relations that the plaintiff suffered actual loss, i.e., CT Page 8947 damage. . . that, except for the tortious interference of the defendant, there was a reasonable probability that the plaintiff would have entered into a contract or made a profit." (Citations omitted; internal quotation marks omitted.) DiNapoli v. Cooke, 43 Conn. App. 419, 428, 682 A.2d 603, cert. denied, 239 Conn. 251, 686 A.2d 124, cert. denied, 520 U.S. 1213,117 S.Ct. 1699, 137 L.Ed.2d 825 (1996). "[N]ot every act that disturbs a contract or business expectancy is actionable." (Internal quotation marks omitted.) Holler v. Buckley Broadcasting Corp., supra, 47 Conn. App. 769. "[F]or a plaintiff successfully to prosecute such an action it must prove that the defendant's conduct was in fact tortious. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation. . . or that the defendant acted maliciously." (Internal quotation marks omitted.) Appleton v. Boardof Education, 53 Conn. App. 252, 267, 730 A.2d 88, cert. granted,249 Conn. 927, 733 A.2d 847 (1999). "[A] claim is made out [only] when interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself." (Internal quotation marks omitted.) Blake v. Levy, 191 Conn. 257, 262, 464 A.2d 52 (1983).
Count three alleges that the "plaintiff has incurred actual loss, including but not limited to the cost of litigating the validity of the bank execution sought by the defendants and the cost of seeking a declaratory judgment as to the defendants' entitlement to the settlement proceeds." (Amended Complaint, Count Three, ¶ 16.) Count three further alleges that the "actions of the defendants constitute a tortious interference with the contractual rights of the plaintiff to settlement funds from BankBoston, causing the plaintiff to not be able to realize the full benefit of its contract with BankBoston, all to the plaintiffs special loss and damage." (Amended Complaint, Count Three, ¶ 17.) Construing the amended complaint in the light most favorable to Suffield; see Faulkner v. United Technologies Corp., supra, 240 Conn. 580; the court concludes that the amended complaint does not allege that Suffield suffered an actual loss, "i.e., damage. that, except for the tortious interference of the defendant, there was a reasonable probability that the plaintiff would have entered into a contract or made a profit." (Citations omitted; internal quotation marks omitted.)DiNapoli v. Cooke, supra, 43 Conn. App. 428. Since actual loss is a necessary predicate for a tortious interference with business relations cause of action; see Holler v. Buckley Broadcasting Corp., supra,47 Conn. App. 768; the court grants BSO's motion to strike count three of the amended complaint.
The court also finds that count three fails to allege that the defendants improperly interfered with any business or contractual relationship of Suffield. See Holler v. Buckley Broadcasting Corp., supra, 47 Conn. App. 768. Although Suffield argues that count three CT Page 8948 alleges fraud, misrepresentation, intimidation, molestation and maliciousness by the defendants, the court finds that count three "alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group. Inc., supra,224 Conn. 215. Suffield, therefore, fails to allege any independent tortious conduct committed by the defendants "by some measure beyond the fact of the inference itself." (Internal quotation marks omitted.) Blakev. Levy, supra, 191 Conn. 262. Accordingly, the court also grants NLI's motion to strike count three of the amended complaint.
BSO moves to strike count four on the ground that it is well settled that one may not sue his opponent's attorneys under CUTPA. BSO relies onJackson v. R.G. Whipple, Inc., 225 Conn. 705, 627 A.2d 374 (1993), for the proposition that CUTPA does not provide a private cause of action for an aggrieved party against the attorney representing an opposing party. Suffield counters that in Dudrow v. Ernst Young, Superior Court, judicial district of Waterbury, Docket No. 144211 (September 15, 1999, Hodgson, J.), the court denied the defendants' motion for summary judgment "as to CUTPA claims based on alleged intentional misrepresentation, since the later conduct is properly characterized as entrepreneurial rather than professional." Similarly, Suffield asserts that the defendants' conduct was accompanied by misrepresentation and other tortious conduct.
The court does not find Suffield's argument persuasive in light of the fact that our Supreme Court held "that it is important not to interfere with the attorney's primary duty of robust representation of the interests of his or her client. . . . This public policy consideration requires us to hold that CUTPA covers only the entrepreneurial or commercial aspects of the profession of law. The noncommercial aspects of lawyering-that is, the representation of the client in a legal capacity-should be excluded for public policy reasons." (Citations omitted; internal quotation marks omitted.) Haynes v. Yale-New HavenHospital, 243 Conn. 17, 35, 699 A.2d 964 (1997). Thus, "the entrepreneurial aspects of the practice of law, such as attorney advertising, remain well within the scope of CUTPA." Chelsey Realty Co.v. Larsen, 232 Conn. 480, 496 n. 19, 656 A.2d 1009 (1995). As this court previously stated, "[p]roviding a private cause of action under CUTPA to a supposedly aggrieved party for the actions of his or her opponent's attorney would stand the attorney-client relationship on its head and would compromise an attorney's duty of undivided loyalty to his or her client and thwart the exercise of the attorney's independent professional judgment on his or her client's behalf." Jackson v. R.G. Whipple, Inc., supra, 225 Conn. 727.
The court finds that BSO engaged in the "noncommercial aspects of CT Page 8949 lawyering-that is, the representation of the client in a legal capacity-[which] should be excluded for public policy reasons." (Internal quotation marks omitted.) Haynes v. Yale-New Haven Hospital, supra,243 Conn. 35. Accordingly, the court grants BSO's motion to strike count four. Since the court is granting BSO's motion to strike counts three and four, the motion to strike the corresponding prayer for relief is also granted.
NLI moves to strike count four on the grounds that the complaint does not allege the minimal requirements of a CUTPA claim and, as a matter of law, NLI cannot be charged with a CUTPA violation for exercising statutory rights. Suffield argues that the allegations of the complaint set forth a legally sufficient violation under CUTPA.
Section 42-110b (a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Section 42-110a (4) states: "'Trade' and 'commerce' means the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." "In order to allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a 'trade or business.'" (Internal quotation marks omitted.) Pergament v. Green, 32 Conn. App. 644,655, 630 A.2d 615, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993); see General Statutes § 42-110b.
Count four alleges: "At all times relevant hereto, and in undertaking the acts and conduct referenced in the preceding paragraphs, the defendants engaged in the conduct of a trade or commerce." (Amended Complaint, Count Four, ¶ 20.) The court finds that Suffield's amended complaint does not contain any allegation that the defendants advertised, sold, leased or distributed any services to Suffield; seeLarsen Chelsey Realty Co. v. Larsen, supra, 232 Conn. 493; Quimby v.Kimberly Clark Corp., 28 Conn. App. 660, 670, 613 A.2d 838 (1992); and thus, the amended complaint is devoid of any allegation that the acts complained of were performed in a "trade or business" as defined by § 42-110a(4). Accordingly, the court grants NLI's motion to strike count four. Since the court is granting NLI's motion to strike counts three and four, the motion to strike the corresponding prayer for relief is also granted.