[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PETITION TO RESTRAIN
This case comes to this court as a petition to restrain George Srubar of 543 Riversville Road, Greenwich, Connecticut, from engaging in the unauthorized practice of law pursuant to Practice Book § 2-47(c) and Connecticut General Statutes § 51-88 (c). Mr. Srubar appeared and a hearing was held on the complaint. The court finds the following facts to have been proven:
1. George Srubar has not been admitted as a member of the bar of the State of Connecticut.
2. George Srubar assisted Zdislaw Gorski of Stamford, Connecticut in the preparation of legal documents for Gorski which were filed in the Stamford Superior Court.
3. George Srubar assisted Zdislaw Gorski of Stamford, Connecticut in Mr. Gorski's defense of a foreclosure action against him in Bridgeport, Connecticut acting as his attorney.
4. George Srubar listened to Gorski's facts and drafted legal documents for him based on those facts.
5. George Srubar, without being admitted as an attorney in the State of CT Page 15810 Connecticut was engaged in the practice of law in violation of Connecticut General Statutes § 51-88 (a).
6. Mr. Srubar charged Mr. Gorski $1,000 per matter for the matters he was involved in.
7. Mr. Srubar told Mr. Gorski that he would take care of everything so that he would have "nothing to do both in the Stamford matter, and the foreclosure matter in Bridgeport.
8. Mr. Srubar prepared legal documents, he talked to court officials, and he did all the papers himself.
9. Mr. Srubar provided Mr. Gorski with legal advice.
10. Mr. Gorski indicated that Mr. Srubar told him "that he could do it better than an attorney.
11. During the divorce case of Mr. Gorski, Mr. Gorski indicated that Mr. Srubar took care of everything during the trial. He was not just an interpreter.
12. The court finds that Mr. Srubar does not come under any of the recognized exceptions under § 51-88.
The law in Connecticut is clear. "The `preparation' of legal documents falls squarely within the boundaries" of the "practice of Law". "Preparation of instruments, even with preprinted forms, involves more than a scrivener's duties' and, therefore, constitutes the practice of law." "The preparation of documents in simple divorce actions unequivocally constitutes the practice of law." "Such documents may assert, fail to assert or acknowledge legal rights." See, Monroe v.Horwitch, 820 F. Sup. 682, 686 (D. Conn. 1993).
The court finds § 51-88 constitutional. In 1996, our Supreme Court considered and rejected constitutional challenges to Connecticut General Statutes § 51-88. Statewide Grievance Committee v. Patton,239 Conn. 251, 255 (1996) and Statewide Grievance Committee v. Harrris,239 Conn. 256, 257 (1996). It is clear that the Connecticut Supreme Court has uniformly determined that Connecticut General Statutes § 51-88 a is constitutional, and accordingly does not violate due process.
Accordingly, George Srubar of 543 Riversville Road, Greenwich, Connecticut is restrained from engaging in the unauthorized practice of law, and any violation of this order shall render George Srubar subject to the powers of contempt. CT Page 15811
KARAZIN, J.